MONTE ROLLI *vs.* HARRY E. CONVERSE.
MARIO ROLLI & another *vs.* SAME.
GENISEO ROLLI *vs.* SAME.

Plymouth. March 27, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Trespasser on highway, Motor vehicle. *Motor Vehicle. Partnership.*

Under St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1, which provides that "Upon the transfer of ownership of any motor vehicle its registration shall expire, and the person in whose name such vehicle is registered shall forthwith return the certificate of registration to the commission with a written notice containing the date of such transfer of ownership and the name, place of residence and address of the new owner," and under the provision of § 9 of the first named statute that no motor vehicle shall be operated unless registered in accordance with the provisions of the act, a motor truck, registered in the name of a partnership consisting of two persons that has been dissolved by one of the partners retiring and transferring all his interest in the partnership and its property, including his interest in the motor truck, to a new partner agreed upon as his successor, if operated upon a highway without a new registration is a trespasser.

If the continuing partner who has become a member of the new firm, when travelling on a highway in the motor truck knowing it to be registered only in the name of the former partnership, sustains injuries by being run into by a touring car driven negligently by a servant of its owner, he cannot maintain an action against such owner for his injuries.

But, if at the time of the accident such partner had with him in the truck an employee, who also was injured and who did not know or have reasonable cause to know that the truck was not registered legally, such employee in an action against the owner of the touring car can recover for his injuries under the provision of St. 1915, c. 87, that such a violation of St. 1909, c. 534, § 9, shall not be a defence "unless it is shown that the person so injured . . . knew or had reasonable cause to know that said provisions were being violated."

THREE ACTIONS OF TORT against the same defendant for injuries to person and property sustained on June 28, 1915, by reason of a collision of a touring car driven negligently by a servant of the defendant with a motor truck belonging to the plaintiffs in the second case in which the plaintiffs in the first and third cases were travelling. Writs dated August 5, 1915.

In the Superior Court the cases were tried together before *Hamilton*, J. The second action was brought by Mario Rolli and Geniseo Rolli, copartners doing business in Brockton as bakers under the firm name of Rolli Brothers. They were the owners of the truck as partnership property and brought this joint action for damage to their property. Monte Rolli, the plaintiff in the first action, was an employee of Rolli Brothers and was engaged in their business when the accident occurred. Geniseo Rolli, already mentioned, was the plaintiff in the third action. At the time of the collision he and Monte Rolli were seated in the motor truck, which was being driven by one Grant, the chauffeur of Rolli Brothers, and both of them suffered personal injuries for which their respective actions were brought. At the close of the plaintiffs' evidence, which is described in the opinion, the judge ruled that Rolli Brothers' truck was on the highway without legal registration, and on that ground alone ordered the jury to return a verdict for the defendant in each of the three cases. The plaintiffs alleged exceptions.

*H. V. Cunningham*, (*C. C. King* with him,) for the plaintiffs.

*E. C. Stone*, for the defendant.

CROSBY, J. These actions were tried together. The individual plaintiffs seek to recover damages for personal injuries received by them by reason of a collision between a Buick motor delivery truck, in which they were travelling and which was owned by the joint plaintiffs, and a Packard touring car owned by the defendant. The joint plaintiffs seek to recover damages for injury to their Buick truck growing out of the collision.

The accident occurred on June 28, 1915, upon a highway in Canton in this Commonwealth. The Buick truck was being operated by a chauffeur in the employ of Rolli Brothers. The judge of the Superior Court before whom the cases were tried, at the close of the evidence for the plaintiffs, ruled that the Buick truck "was on the highway without legal registration, and on that

ground alone directed the jury to return a verdict for the defendant in each of the three cases." Verdicts were returned in accordance with this ruling, and the plaintiffs severally excepted.

The facts, so far as they have any bearing upon the issues presented by the bill of exceptions, are not in dispute. Before February, 1915, the plaintiff Geniseo Rolli and Joseph Benecchi were in the bakery business as *copartners under the firm name of Rolli and Benecchi. This partnership owned the Buick truck. It was registered for the year 1915 in the firm name and was used in the partnership business. In February, 1915, Benecchi assigned his interest in the partnership, including his interest in the Buick truck, to Mario Rolli, a brother of Geniseo, and thereafter Mario and Geniseo Rolli carried on the bakery business as copartners under the firm name of Rolli Brothers, and owned and used the truck in the business until the date of the accident, June 28, 1915. No new or additional registration of the truck was taken out after it had been registered in the name of Rolli and Benecchi, before the accident.

The statute relative to motor vehicles (St. 1909, c. 534, § 2, as amended by St. 1912, c. 400, § 1) provides that the application for registration must contain the name, place of residence and address of the applicant, together with such further information as the commission may require, and also a description of the motor vehicle. The statute further provides "Upon the transfer of ownership of any motor vehicle its registration shall expire, and the person in whose name such vehicle is registered shall forthwith return the certificate of registration to the commission with a written notice containing the date of such transfer of ownership and the name, place of residence and address of the new owner." It is also provided (§ 9) that no motor vehicle shall be operated unless registered in accordance with the provisions of the act.

Because of the dangers and harm to the public which the statute relative to the registration of motor vehicles was intended to prevent, the Legislature has enacted that an unregistered machine cannot legally be operated upon a public street. Under such circumstances it is a trespasser, *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, and a person travelling in an unregistered machine has no rights against other travellers except to be protected from reckless or wilful injury. *Feeley* v. *Melrose,*

205 Mass. 329. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 156. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495.

When the accident occurred, the Buick truck was registered under the firm name of Rolli and Benecchi. In February previously that partnership had been dissolved and its business and property, including the truck, had become vested in a new partnership, consisting of Geniseo Rolli (one of the original partners) and Mario Rolli, doing business under the firm name of Rolli Brothers.

It cannot be doubted that the transfer under the circumstances was a transfer of ownership under the statute which required a new registration, and that on the date of the accident, as the truck was not registered in the name of its owners, it was illegally upon the highway. The fact that Geniseo, one of the partners of the original firm in whose name the machine was registered, was a member of the new firm, did not make the assignment from Benecchi to Mario Rolli the less a "transfer of ownership" or obviate the necessity of a new registration in the name of the new owners.

The careful provisions of the statute relative to the registration of motor vehicles, which require new registration upon the transfer of ownership thereof, make it apparent that its terms should be strictly complied with. The ruling purpose and intention of the Legislature in the enactment of the statute requiring the registration of motor vehicles in the name of the owner, and a new registration in case of transfer of ownership, was for identification in order that travellers upon the highways in case of accident might be able to fix responsibility therefor. *Fairbanks* v. *Kemp*, 226 Mass. 75. In case of a change even of part ownership after registration of a motor vehicle, without new registration the rights of the public would not be adequately protected, the theory of this provision of the law being that the names of the owners of motor vehicles shall be at all times capable of ascertainment.

Although the truck was illegally upon the highway, because in violation of § 9 of c. 534 of St. 1909, that fact is not a bar to a recovery by the plaintiff Monte Rolli. It is provided by St. 1915, c. 87, that such violation shall not be a defence "unless it is shown that the person so injured or killed, or the owner of the property so

injured, knew or had reasonable cause to know that said provisions were being violated." There is nothing in the record to show that the plaintiff Monte Rolli knew or had reasonable cause to know that the truck was not legally registered.

The exceptions in the case of Monte Rolli are sustained. In the cases of Mario and Geniseo Rolli, copartners, and of Geniseo Rolli individually, the exceptions are overruled.

*So ordered.*