GRACE L. HARLOW *vs.* LAZARUS SINMAN.

Suffolk. March 14, 1922. — June 7, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Motor Vehicle*, Registration. *Negligence*, In use of motor vehicle. *Words*, "Owner."

Where, at the trial of an action by a woman for personal injuries received when an automobile, alleged to have been owned by the plaintiff, was run into by an automobile of the defendant being steered by him while it was being towed, there is evidence of due care of the plaintiff and of negligence of the defendant, and it appears that the first automobile was properly registered in the name of the plaintiff and there is some evidence that the plaintiff was its sole owner and that it was being driven by her daughter, a duly licensed operator, a verdict should not be ordered for the defendant.

Registration of a motor vehicle in the name of one who is but a part owner is sufficient to satisfy the requirements of G. L. c. 90, § 2, and to entitle the registrant to recover for personal injuries and damage to the motor vehicle caused upon a public way by negligence of a third person while the motor vehicle with the registrant's consent was being operated by the other part owner, an operator duly licensed.

TORT for personal injuries received in a collision resulting from negligent steering by the defendant of a motor vehicle which was being towed. Writ dated October 20, 1919.

In the Superior Court, the action was tried before *J. F. Brown*, J. Material evidence is described in the opinion. At the close of

the evidence, by order of the judge, a verdict was entered for the defendant; and the plaintiff alleged exceptions.

*James J. McCarthy*, for the plaintiff.

*J. M. Morrison*, for the defendant.

DE COURCY, J. On the morning of August 20, 1919, the plaintiff, her daughter Grace H. Gifford, and a neighbor were returning from Plymouth in an automobile. They were proceeding northerly along Morton Street, in Boston, on their right hand side of the road. A Ford touring car, owned and operated by the defendant, was being towed by a Ford truck in the opposite direction; it suddenly darted out from behind the truck, "shot across" Morton Street, struck the left side of the Harlow car, and tipped it over. The due care of the plaintiff is not questioned. The negligence of the defendant plainly was for the jury, as the evidence tended to show that the brakes and steering gear of his machine were in good condition. It is apparent that the verdict for the defendant was directed on the issue of lawful registration.

The automobile was registered in the name of the plaintiff, and the "usual registration papers" were in the car at the time of the accident. Both she and her daughter Mrs. Gifford were duly licensed operators, and each frequently drove the car. At the time of the accident Mrs. Gifford was at the wheel, and the plaintiff sat beside her on the front seat. There was some evidence that the plaintiff was the sole owner of the car, and that her daughter was driving it for her. That was sufficient to entitle her to go to the jury. *Commonwealth* v. *Sherman*, 191 Mass. 439. *Bourne* v. *Whitman*, 209 Mass. 155, 172. *Smith* v. *Jordan*, 211 Mass. 269. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262.

Even if Mrs. Gifford was a part owner of the automobile, as the evidence indicates, that fact would not render the registration invalid as matter of law. The statute, G. L. c. 90, § 2, provides that application for the registration of motor vehicles may be made by the "owner thereof." As was said in *Keith* v. *Maguire*, 170 Mass. 210, 212: "The word 'owner' is not a technical term. It is not confined to the person who has the absolute right in a chattel, but also applies to the person who has the possession and control of it." In *Downey* v. *Bay State Street Railway*,

225 Mass. 281, the plaintiff's interest in the truck which was damaged by the defendant was that of purchaser under a conditional contract, by the terms of which a bill of sale was not to be given until the purchase price was fully paid. Registration in such purchaser's name was held to be valid. The court said (page 284): "the word 'owner' includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contracts of sale who have acquired a special property which confers ownership as between them and the general public for the purposes of registration." This view was followed in the similar case of *Hurnanen* v. *Nicksa,* 228 Mass. 346. In *Temple* v. *Middlesex & Boston Street Railway, ante,* 124, the automobile was held to be legally registered in the name of the vendor in a conditional sale agreement; and the purchaser, who had an operator's license, was allowed to recover for personal injuries and damages to property caused by the defendant's negligence. In the case at bar the plaintiff was an absolute, legal owner, even though she was not the only person having an interest in the automobile. Registration in her name constituted a valid registration, under which the car could lawfully be used upon the public ways; and it protected the plaintiff's rights, at least so long as she operated or was in control of the car. She could employ any person to operate the car for her. The fact that the agent thus employed happens to be a part owner would not deprive the plaintiff, in actual control of the car, of her rights as a duly licensed and registered owner. *Smith* v. *Jordan,* 211 Mass. 269, 271, 272.

The case of *Shufelt* v. *McCartin,* 235 Mass. 122, does not control the present one. In that case the automobile was operated by a non-registered part owner, on his own account, and in the absence of the part owner in whose name the car was registered. In *Rolli* v. *Converse,* 227 Mass. 162, referred to in the Shufelt case, there had been a transfer of ownership of the vehicle subsequent to the original valid registration; and by the express terms of the statute "upon the transfer of ownership of any motor vehicle its registration shall expire," the registration had come to an end. While, as suggested in these cases, a purpose of the Legislature in requiring registration in the name of the owner, was to provide identification for the benefit of travellers in-

jured on the highway, this was not the sole purpose. That is apparent from the cases above referred to, where the machine was properly registered in the name of the owner and legally operated by one with only a special property therein, or *vice versa.* And cases often arise where the automobile is operated by one to whom it is lent by the registered owner. *O'Rourke* v. *A-G Co. Inc.* 232 Mass. 129. See *Temple* v. *Boston & Middlesex Street Railway, supra.* In *Crompton* v. *Williams,* 216 Mass. 184, the automobile was owned by Charles Crompton, and registered in the name of Charles Crompton & Sons. At the time of the accident it was in the use and possession of a corporation, Charles Crompton & Sons Inc. It was held that the requirements of the automobile registration statute were satisfied.

The plaintiff was entitled to go to the jury on the evidence, and the entry must be

*Exceptions sustained.*