MARTIN J. HANLEY & others vs. AMERICAN RAILWAY EXPRESS. COMPANY.

Suffolk.    November 23, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Motor Vehicle*, Registration.   *Labor Union.   Voluntary Association.   Words,.* "Owner."

A motor vehicle registered in the name of "The International Brotherhood of Steam Shovel and Dredge Men" as owner, is not properly registered under G. L. c. 90, § 2, if it appears that it is owned in common by the members, over three hundred in number, of a voluntary unincorporated association known as "Local No. 60."

In an action of tort for damage to an automobile owned by all the members of an unincorporated labor union known as "Local No. 60," in which the entire membership of the union as it existed on the date the damage was suffered, comprising over three hundred persons, were joined as plaintiffs and it appeared that the automobile was registered merely in the name of "The International Brotherhood of Steam Shovel and Dredge Men" as owner and that, when damaged, it was being driven on a public highway by one who was the secretary, treasurer and business agent of the local brotherhood, for whose use they had purchased it, a verdict properly was ordered for the defendant, not only because the automobile had not been properly registered under G. L. c. 90, § 2, and was an outlaw on the highway, but also because it further appeared that, after the registration of the automobile, the membership of the union had changed and no change of registration as required by § 2 of the statute had been made, so that, even if it had been properly registered originally, it was not properly registered when it was damaged, but was an outlaw on the highway.

TORT for damage to an automobile.   Writ dated June 29, 1920. The only plaintiff named in the original writ was Martin J. Hanley.   The action was tried before *Qua*, J.   Material evidence is described in the opinion.   The record states: "At the conclusion of the evidence, the defendant moved that a verdict be directed in its favor on the ground that on all the evidence the plaintiff was not entitled to recover, and on the ground that the plaintiff's car was not properly registered.   The plaintiff's counsel thereupon stated that he would seek to amend his writ and declaration by adding to the name of Martin J. Hanley the names of the other three hundred or more members of The International Brotherhood of Steam Shovel and Dredge Men, Local No. 60, as plaintiffs, and

to amend the declaration by alleging the ownership of the automobile to be in the plaintiffs named in the amended writ, but that he did not then have available the names of the necessary parties. The court thereupon granted the motion of the defendant, and a verdict was returned for the defendant accordingly. On the following morning counsel for the plaintiff presented his motions to amend, and the court allowed said motions, it being agreed that the persons whose names appear as plaintiffs in the writ as amended are the persons who composed the entire membership of said voluntary association on the day of the accident." The plaintiffs named in the writ as amended numbered three hundred and fourteen.

The judge reported the action to this court for determination upon a stipulation by the parties that, if the ruling of the trial judge ordering a verdict for the defendant was erroneous either as the case stood when the ruling was made, or as it stood after the writ and declaration were amended, then judgment was to be entered for the plaintiffs in the sum of $192.75; otherwise, judgment was to be entered for the defendant on the verdict.

The case was submitted on briefs.

*W. P. Murray & M. Ruane,* for the plaintiffs.

*A. M. Pinkham,* for the defendant.

DE COURCY, J.   This action was brought to recover for damage to an automobile, alleged to have been caused by the negligence of one of the defendant's drivers. A verdict was ordered for the defendant on the ground that the automobile was not properly registered, and hence was an outlaw upon the highways of Massachusetts. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 110, and cases cited.

The statute G. L. c. 90, § 2, provides that application for the registration of motor vehicles may be made "by the owner thereof;" and that the application and the certificate of registration issued thereon shall contain, with other particulars, a statement of "the name, place of residence and address of the applicant." This automobile was registered for the year 1920 in the name of "The International Brotherhood of Steam Shovel and Dredge Men," as owner. Martin J. Hanley, the original plaintiff, was operating the machine at the time of the accident, and was the secretary, treasurer and business agent of "Local No. 60,"

an unincorporated voluntary association. The automobile was bought for his use, and "was owned by the members of the Brotherhood in common."

If "The International Brotherhood of Steam Shovel and Dredge Men" in whose name the car was registered was a national or international body, of which Local No. 60 was a mere branch, manifestly the registration was not in the name of the "owner." If, as probably was the fact, the registration name was intended to designate Local No. 60, the difficulty is that there is no such legal entity. This "local" is merely a voluntary association of some three hundred members, and has no separate existence in law — unlike a corporation which is a legal person quite apart from its stockholders. At the time of the attempted registration the legal title to the automobile was in those who were then members of Local No. 60. Under the most liberal extension of the word, Hanley was not the "owner," and could not recover for damage to the automobile. See *Harlow* v. *Sinman*, 241 Mass. 462. The reverse of this situation appears in the recent case of *Maguire* v. *Reough*, 238 Mass. 98, where the widow of a member of a local union sought to recover a death benefit. The defence was successfully set up that all the members of the union, being copartners, must be joined as defendants. And see *Pickett* v. *Walsh*, 192 Mass. 572, 589.

The amendment, allowed after the verdict for the defendant had been ordered, whereby all the members of Local No. 60 on the day of the accident were made plaintiffs, is of no avail. The machine was not in fact registered in their names. Even if the registration should be considered as embracing the then members of Local No. 60 (see *United Mine Workers of America* v. *Coronado Coal Co.* 259 U. S. 344) there would be an equally conclusive defence. It is in evidence that between January, 1920, when the car was registered, and May 12, 1920, the date of the accident, there had been thirty or forty changes in the membership of Local No. 60. Said § 2 of the statute expressly provides: "Upon the transfer of ownership of any motor vehicle or trailer its registration shall expire. . . ." In *Rolli* v. *Converse*, 227 Mass. 162, where a motor truck was registered in the name of two partners, and subsequently one of them retired and transferred his interest in the partnership, including the motor truck, to a new partner, it

was held that the car, when operated upon a highway without a new registration was a trespasser. The principle applied in that case would prevent recovery by the new plaintiffs here, even if the car had been registered in the names of those who were members of Local No. 60 on January 1, 1920; because there were changes in the ownership of the car between that time and the day of the accident.

In the opinion of a majority of the court, judgment must be entered for the defendant on the verdict, in accordance with the report.

*So ordered.*