GEORGE M. KILDUFF & another *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    November 22, 1923. — January 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle*, Registration.   *Negligence*, Trespasser, Motor vehicle, In use
of highway.

While a partner has an interest in partnership property, he has no title thereto
as an individual, the title to the partnership property being in the partner-
ship as an entirety; and therefore such individual partner is not, within
the meaning of G. L. c. 90, § 2, an owner of a motor vehicle owned by the
partnership.

A motor vehicle owned by a partnership should be registered, under G. L. c.
90, § 2, in the partnership name and not in the individual name of one of the
partners.

If one of two partners who own a motor vehicle, in seeking registration under
G. L. c. 90, § 2, makes affidavit that the vehicle is owned by him as an
individual, and the word " partner " does not appear anywhere in his appli-
cation, and thereupon the vehicle becomes registered in his name as an
individual, its use on a public highway while so registered is unlawful and
prevents recovery by the partnership for damage to it, while being so used,
due to negligence, but not to reckless, wanton or wilful misconduct, of a
third party.

TORT for damage to an automobile truck owned by the
plaintiffs as partners, which was run into by a street car
operated by the defendant.    Writ in the Municipal Court
of the City of Boston dated November 3, 1922.

Material facts disclosed at the trial in the Municipal Court
are described in the opinion.   At the close of the evidence,
the defendant asked for the following rulings:

" 1. Upon all the evidence in the case, the plaintiff cannot
recover."

" 7. The plaintiffs' truck was improperly registered and
was a trespasser on the highway.

" 8. The plaintiffs in order to recover must prove that the
defendant was wilfully, wantonly or recklessly negligent."

The above rulings were refused.    The judge found for
the plaintiffs in the sum of $409.61, and, at the request of

the defendant, reported the case to the Appellate Division, who ordered the finding vacated and judgment to be entered for the defendant. The plaintiff appealed.

*J. A. Waters,* for the plaintiffs.

*J. I. Krafsur,* for the defendant.

CROSBY, J.   This action is brought by copartners, doing business under the firm name of the Farm and Sea Food Shops, to recover for damage to an automobile truck, resulting from a collision on September 20, 1922, with one of the defendant's cars.

The record shows that at the time of the accident the truck and the merchandise in it were owned by the partnership, and that the bills for repairs after the accident were made to the Farm and Sea Food Shops. It also appears from undisputed testimony that the original application for registration of the truck was by the plaintiff Kilduff, who made oath that it was owned by him as an individual; that the word " partner " did not appear anywhere in the application; and that the truck was registered in the name of George M. Kilduff. In the Municipal Court of the City of Boston, the trial judge refused to make certain rulings requested by the defendant and found for the plaintiff. The case was thereafter reported to the Appellate Division which ordered the entry, " Finding vacated — Judgment for defendant."

G. L. c. 90, § 2, provides that application for the registration of motor vehicles may be made by the owner thereof, and that the certificate of registration issued thereon shall contain, in addition to other particulars, a statement of the name, place of residence and address of the applicant. It appears that the automobile was registered by the plaintiff Kilduff in his own name, not as a partner but as an individual, and that no reference was made to the partnership as owner, in the original application or otherwise. While a partner has an interest in the partnership property, yet the title to the personal property of the partnership is not in the individual members of the firm, but in the firm as an entirety. *Pratt* v. *McGuinness,* 173 Mass. 170.   See also *Steele* v. *Estabrook,* 232 Mass. 432, 440.

In partnerships, ordinarily each partner has an equal right with his copartners to the possession of the firm property for partnership purposes. See uniform partnership act (St. 1922, c. 486, §§ 24, 25). As the legal title to the truck was in the partnership and not in Kilduff, the latter was not the owner within the meaning of G. L. c. 90, § 2. It follows that it was a trespasser on the highway.

In *Rolli* v. *Converse,* 227 Mass. 162, a motor truck was registered in the firm name of a partnership consisting of two persons. Subsequently one of them assigned his interest in the firm, including the truck, to another person who was admitted to the partnership. It was held that as no new registration was taken out the truck was a trespasser upon the highway.

It was decided in the recent case of *Hanley* v. *American Railway Express Co.* 244 Mass. 248, that a motor vehicle registered in the name of " The International Brotherhood of Steam Shovel and Dredge Men " as owner was not lawfully registered, if it appeared that it was owned in common by over three hundred members of a voluntary unincorporated association known as " Local No. 60."

In *Shufelt* v. *McCartin,* 235 Mass. 122, a motor vehicle was registered in the name of a part owner but was operated by the other part owner; it was held that registration was required in the name of any part owner who should operate the vehicle by himself or his agents, and that it was not properly operated by the part owner in whose name it was not registered.

*Harlow* v. *Sinman,* 241 Mass. 462, relied on by the plaintiff, is distinguishable from the case at bar. In that case the automobile was registered in the name of the plaintiff but was owned in common by her and her daughter; at the time of the accident it was being operated by the daughter. It was held that registration in the plaintiff's name, she being an absolute owner in part, constituted a valid registration and protected the plaintiff's rights, " at least so long as she operated or was in control of the car." In the present case the legal title to the car was not in the plaintiff Kilduff as owner, but was in the partnership; besides, it was being

operated in the absence of Kilduff by a person not under his control, but by a servant and agent of the partnership in the conduct of its business. In these circumstances the facts in the present case are quite different from those in *Harlow* v. *Sinman.* It follows that a partnership which owns a motor vehicle must register it in the partnership name. *Pierce* v. *Hutchinson,* 241 Mass. 557, 562. *Hanley* v. *American Railway Express Co., supra. Emerson Troy Granite Co.* v. *Pearson,* 74 N. H. 22.

As the truck which came in collision with the defendant's car was not lawfully registered, it was illegally upon the highway. That circumstance, upon the facts disclosed, prevents a recovery upon the ground of negligence of the defendant. As it is not pleaded we need not consider whether the defendant might be held liable for reckless, wanton or wilful conduct, which is something different in kind from negligence or gross negligence. *Adamowicz* v. *Newburyport Gas & Electric Co.* 238 Mass. 244. We may say, however, that the evidence falls far short of warranting a finding of such conduct.

As the defendant's first request for a ruling should have been given, entry must be

> *Order — " Finding vacated — Judgment*
> *for defendant," affirmed.*