LOUIS A. FURTADO *vs.* GEORGE E. HUMPHREY.

BERNARD POPKIN *vs.* SAME.

NATHAN WARREN & others *vs.* SAME.

Bristol.    October 23, 1933. — December 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle,* Registration.

The statement as to the ownership of a motor vehicle, required by G. L. (Ter. Ed.) c. 90, § 2, in an application for its registration, is a vital matter, and a registration issued upon an application containing an erroneous statement as to ownership is invalid.

A motor truck was not legally registered under G. L. (Ter. Ed.) c. 90, § 2, where it was owned by a partnership, and a certificate of registration was issued in the trade name used by the partnership upon an application to which one of the partners had signed such name followed by his own name and which contained an affirmative answer to the question, "Is this vehicle owned by you individually?" and no answer to the question, "Or is it owned Jointly        or by a Co-partnership        Association        or Corporation?": there was nothing in the answers of the partner who signed the application inconsistent with the statement that he owned the truck individually, and his failure to answer the second question showed conclusively that the truck was not registered as partnership property.

Actions for personal injuries sustained by the partner above mentioned and by the operator of the truck in a collision between it and an automobile operated negligently by the defendant, and an action by the partnership for damage to the truck sustained in the collision, were barred by G. L. (Ter. Ed.) c. 90, § 9.

THREE ACTIONS OF TORT.    Writ in the first action dated March 10, 1931, and in the second and third actions dated May 8, 1931.

The actions were tried together in the Superior Court before *Walsh,* J.  It appeared that the certificate of registration of the motor truck was issued in the name of the

United Produce Company. Other material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in his favor. There were verdicts for the plaintiffs in the sums, respectively, of $700, $700 and $100. The defendant alleged exceptions.

*F. E. Smith,* for the defendant.

*J. L. Hurley,* for the plaintiff Furtado.

*M. Entin,* for the plaintiffs Popkin and others, submitted a brief.

PIERCE, J. These are three actions of tort tried together to a jury. In the first two cases the plaintiffs, as individuals, sought recovery for personal injuries sustained in a collision between a motor truck, belonging to the plaintiff partnership, and a touring car, owned and operated by the defendant, at the corner of Broadway and Washington Street in Taunton, Massachusetts, on February 16, 1931, at about six o'clock in the morning. The third action, as amended, was brought by the aforesaid partnership to recover damages alleged to have been sustained by its truck in the said collision.

At the trial there was uncontradicted evidence that, at the time of the collision, the plaintiffs in the third action were a partnership dealing in fruits and produce in Fall River, Massachusetts; that the firm consisted of Nathan Warren, Bernard Popkin (the plaintiff in the second case), and Morris Kerness; that the said Popkin was on the front seat of the truck with the partnership chauffeur (the plaintiff in the first case, Louis A. Furtado), and that they were going to Boston on business of the partnership.

The defendant concedes "that there was evidence upon which the jury could have found him negligent." He states that "The sole question sought to be determined by [the] . . . exceptions relates to the validity of the registration of the truck involved in this accident," and concedes that "If the registration was valid and the case properly submitted to the jury . . . judgment should be entered on the verdicts for the plaintiffs." Accordingly, these exceptions are considered on the footing that the

only question for determination is that of the validity of the registration of the truck.

The evidence received at the trial discloses that the plaintiff Popkin, a member of the plaintiff partnership (which was called "United Produce Company"), filed the original application for registration of the truck here involved and that this original application, introduced in evidence and marked Exhibit 9, was signed "United Produce Co. By B. Popkin." Respecting this application Popkin "was shown Exhibit 9 and stated that he had filled out the application for registration of the truck and that the signature thereon was his, but the word 'By' written with a red crayon, was not written by him, but was affixed in the office of the registrar of motor vehicles by some one unknown." The photostatic copy annexed to the bill of exceptions on inspection shows that the applicant made the "Statement" required to be made "under the penalties of perjury," and answered the question "Is this vehicle owned by you individually?" "Yes"; and that he did not answer "Yes or No" to the question "Or is it owned Jointly or by a Co-partnership     Association     or Corporation."

G. L. (Ter. Ed.) c. 90, § 2, reads, in part: "Application for the registration of motor vehicles and trailers may be made by the owner thereof. The application shall contain, in addition to such other particulars as may be required by the registrar, a statement of the name, place of residence and address of the applicant, with a brief description of the motor vehicle or trailer, including the name of the maker, the number, if any, affixed by the maker, and, in case of a motor vehicle, the engine number and the character of the motor power. The registration fee as required in section thirty-three shall accompany such application. . . . The certificate shall contain the name, place of residence and address of the applicant and the register number or mark." G. L. (Ter. Ed.) c. 90, § 9, reads, in part: "No person shall operate any motor vehicle . . . and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way except as authorized by section three, unless such vehicle is regis-

tered in accordance with this chapter and carries its register number displayed as provided in section six . . . but violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person, or for the death of a person, or for injury to property, unless it is shown that the person injured in his person or property or killed was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the person so injured or killed, or the owner of the property so injured, knew or had reasonable cause to know that this section was being violated."

In the instant case there is nothing in the answers of the applicant inconsistent with the statement that the registered truck belonged to Bernard Popkin, individually, and his failure to answer the question whether it was owned by a copartnership is conclusive evidence that the truck was not registered as copartnership property. Had the truck in fact been the sole property of Popkin, it would have been legally possible for him to register it under a trade name, other facts being set out in the application, or shown by evidence, which established that he was well known by his trade name. *Rand* v. *Farquhar*, 226 Mass. 91, 97. *Crompton* v. *Williams*, 216 Mass. 184, 187. *Koley* v. *Williams*, 265 Mass. 601, 602. *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 352. *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30, 32. It is plain that question 9 of the application, which reads: "Is this vehicle owned by you individually? (Answer Yes or No)   Or is it owned jointly   or by a Co-partnership   Association   or Corporation," was designed to avoid ambiguous or confusing registration, and that one of its main purposes is to afford easy identification of the owner of a motor vehicle involved in an accident. In the case at bar Popkin, under the penalties of perjury, declared that he personally was the owner of the registered truck, and at the trial testified without contradiction that the truck was owned by a copartnership called "United Produce Company." The statement of ownership required by G. L. (Ter. Ed.) c. 90, § 2, is a matter made vital by this statute. Its provision must

be strictly complied with, and the lack of compliance invalidates the registration. *Nash* v. *Lang,* 268 Mass. 407, 409. *Kilduff* v. *Boston Elevated Railway,* 247 Mass. 453, 454. The plaintiffs, owners and operator of the unregistered truck, are severally barred from recovery by the provisions of G. L. (Ter. Ed.) c. 90, § 9. In each case the motion of the defendant should have been granted.

*Exceptions sustained.*
*Judgments for defendant.*