Riley, J.
The plaintiff has a finding in her favor in an action of tort for personal injuries received as a result of a collision on a public highway in this Commonwealth on *229 July 4, 1936 between an automobile owned by Alma LaFramboise and operated by tbe plaintiff and one operated by the defendant.
Tbe defendant’s answer contains an allegation of contributory negligence.
Tbe Report sets out that tbe trial court, upon motion of tbe defendant, granted a new trial on tbe sole issue of tbe legality of tbe registration of the automobile operated by tbe plaintiff, stipulating that if tbe registration is found to be legal, tbe finding is to stand, otherwise a finding for tbe defendant is to be entered. It appears by tbe Report that tbe defendant by appropriate Requests for Rulings at tbe new trial, raised tbe question of tbe legality of tbe registration of tbe automobile operated by tbe plaintiff and tbe sole question for our determination is whether, as matter of law, this automobile was legally registered, the trial judge having found as a fact that it was properly registered.
At tbe time of the accident the automobile operated by tbe plaintiff was registered in tbe name of “Canoe Club Beverage Co.” At the new trial there was evidence tending to show that in 1934 one Alma LaFramboise bad taken over all of tbe assets, including this automobile, from a bankrupt corporation, which was doing business in manufacturing, bottling and selling soda, soda water and malt beverages under the corporation name of Canoe Club Beverage Co., Inc.,- that tbe plaintiff was tbe widow of one Epbrem Ducharme, who, from the time of its incorporation to tbe date of tbe sale of all of its assets, was the President and Treasurer, tbe largest stockholder and general manager of tbe bankrupt corporation; that tbe plaintiff was tbe Clerk, and tbe Board of Directors consisted of Epbrem Ducharme, tbe plaintiff and Ernest LaCoste, tbe present husband of the plaintiff; that tbe corporation bad its place of business in a building at tbe rear of a two family dwell *230 ing house designated as Nos. 13-15 Providence Street, Aldenville, Chicopee, Massachusetts; that at the time of the accident and for several years prior thereto, there was painted across the front of the building, formerly occupied by the corporation and visible from the highway, a sign as follows: “E. Ducharme Bottling and Soda "Works”; that Alma LaFramboise, after taking over the assets of the corporation, continued to carry on the business on the same premises under the trade name of “Canoe Club Beverage Co. ’ ’; that the premises consisted of a two family dwelling house with a yard and a building in the rear used as both a garage and a place to manufacture and bottle soda; that Alma LaFramboise occupied the upper tenement of the dwelling house designated as Nos. 13-15 Providence .St.; that the premises were owned by the plaintiff, who occupied the lower tenement, both prior to the bankruptcy of the corporation, and at the time of this suit; that Ephrem Ducharme, for a number of years prior to 1930, engaged in the manufacturing, bottling and distribution of sodas and other carbonated beverages at the rear of the premises designated as Nos. 13-15 Providence St., Chicopee, Massachusetts ; that in July, 1930, the business conducted by Ephrem Ducharme 'was incorporated under the name of “Canoe Club Beverage Co., Inc. ’ ’; that the corporate business was managed under the immediate direction of said Ephrem Ducharme, and the plaintiff was familiar with the business and the books, and at frequent intervals, looked after the bookkeeping and other clerical work for the corporation; that in May, 1934, the corporation was voluntarily petitioned into bankruptcy, and a trustee in bankruptcy was appointed in due course; that appraisers were named for the bankrupt estate and the required data as to assets and liabilities was filed; that neither in the petition nor in the report of the appraisers, was there any mention of a Pon *231 tiac coupe, the automobile operated by the plaintiff, as one of the assets of the corporation; that the corporation was dissolved by Chapter 8 of the Acts of 1935, which took effect as of January 1,1935; that at the time of this suit, the real estate was subject to a mortgage held by the Hadley Falls Trust Company; that Alma LaFramboise is a housewife whose husband is employed by the City of Chicopee in the Welfare Department; that she never had worked or been engaged in the business of manufacturing, bottling or distributing soda and carbonated beverages prior to her taking over the business of the Canoe Club Beverage Co. Inc.; that since she has taken over the business, she has not herself supervised nor engaged in the actual process of manufacturing, bottling or distributing of soda and carbonated beverages, and at no time actively conducted the business; that she did not pay any money for the assets that formerly belonged to the afore-mentioned corporation; that she did not give anything in exchange for the Pontiac automobile which was among the assets of the afore-mentioned corporation; that she took the Company over in her name, and did not have any money; that the business was transferred in her name, and she didn’t have any money to pay for it; that after the corporation was petitioned into bankruptcy, the business was conducted under the name of Canoe Club Beverage Co., Inc.; that Ephrem Ducharme continued in direct supervision of business until his death on January 18, 1935; that he was so employed by Alma LaFramboise to manage the business, and after his death, his wife, the plaintiff, then Mrs. Aurora Ducharme, continued on in her employment with the business, taking over to herself the duties and supervision as exercised by Ephrem Ducharme up to the present time; that her wages were Eight (8) Dollars a week, and that she would receive that sum if the receipts of the business warranted by its payment; that she carried on the business as her own; that she handled all the *232 matters pertaining to the manufacture, bottling and distributing and sale of the soda and carbonated beverages, and looked after the bookkeeping and finances; that she told a representative of the mortgagee, who held the mortgage on the real estate, and who periodically came on the premises to collect rent, that she was carrying on the business herself; that she made such representations from May, 1934 up to the time of trial; that on August 28, 1936, she signed an application with her own name only for a permit to engage in the business of manufacturing, bottling and selling certain non-alcoholic beverages under the name of Canoe Club Beverage Co., as required under Chapter 441 of the Acts of 1935; that said application was filed with the Board of Health for the City of Chicopee; that on October 30,1935, she told an inspector of the State Department of Health, while he was making an inspection of the premises in the course of his duties, that she owned the business and was conducting it on her own behalf as the Canoe Club Beverage Co.; that on August 26, 1936, she again told this inspector the same; that a clerk at the Board of Health-in the City Hall in Chicopee advised the inspector that the plaintiff was the owner of the Canoe Club Beverage Co.; that two City directories published by Price & Lee Co., showed the following :
I. City Directory Published by Price & Lee Co. containing in one volume City Directory for the cities and town of Holyoke, South Hadley and Chicopee for the year 1936.
On Page 33 of the Chicopee Directory for 1936 is the following:
Canoe Club Beverage Co. (Mrs. Ora M. Ducharme) 13 Providence Aid.
On Page 43 of the Chicopee Directory for 1936 is the following:
Ducharme, Aurora M. wid Ephraim G-. soda water mfg. 13 Providence Aid. h. do.
*233 On Page 66 of the Chicopee Directory for 1936 is the following:
LaFramboise, Louis A. (Alma F.) visitor Dept, of Public Welfare h. 15 Providence Aid.
LE. City Directory Published by Price & Lee Co. containing in one volume City Directory for the cities and town of Springfield, West Springfield, Longmeadow and Chicopee for the year 1936.
On Page 33 of the Chicopee Directory for 1936 is the following:
Canoe Club Beverage Co. (Mrs. Ora M. Ducharme) 13 Providence — Aldenville
On Page 43 of the Chicopee Directory for 1936 is the following:
Aurora M. Ducharme — wid. Ephraim Gf. — soda water mfr — 13 Providence — Aldenville—H do.
On Page 66 of the Chicopee Directory for 1936 is the following:
Louis A. LaFramboise (Alma F.) visitor Dept, of Public Welfare h. 15 Providence — Aldenville.
that, at the time of the accident, Alma LaFramboise was the sole owner of the business conducted under the trade name of “Canoe Club Beverage Co.”; that she was the owner of the automobile operated by the plaintiff at that time; that she had the plaintiff register the automobile in the trade name under which she had been doing business individually for approximately two and a half years before the accident; that Alma LaFramboise of #15 Providence Street, Aldenville, Chicopee, Massachusetts, accompanied by Ephraim Ducharme filed on June 29, 1934, in the City Clerk’s office in the City of Chicopee, Massachusetts, a certificate of a married woman doing business on separate account in manufacturing, bottling and selling of Soda, Soda Water and Malt Beverages at rear of Nos. 13-15 Providence Street, Aldenville, in the City of Chicopee, Massachusetts, under the name of “Canoe Club Beverage Company”; that Alma LaFramboise paid the plaintiff Eight (8) Dollars a week for the rental of her tenement; that the bank collected *234 the rent as mortgagee in possession of the premises; that she let the plaintiff take care of all the details of making ont the applications for the registration of the Pontiac conpe; that Alma LaPramboise did not have an operator’s license; that she conld not and never did operate an automobile; that the plaintiff used the coupe exclusively, that after the accident, she arranged, through her husband, to have the automobile repaired at a garage.
There was further evidence tending to show that in answer to the ninth question in the application for the 1935 registration of the automobile “Is this vehicle owned by you individually?”, the word “No” is inserted, and the word ‘‘Association” is underscored; that in answer to the tenth question “If owned jointly or by a concern write the name and address”, the words “Canoe Club Beverage Co.” appear; that in answer to the eleventh question, “Massachusetts Residential Address”, the words “13 Providence Street, Aldenville, Chicopee” appear; that the application was signed “Canoe Club Beverage Co. by Ephraim Ducharme Tr.”; that the mail address was “ #13 Providence St., Aldenville, Chicopee, ’ ’ and that the last name printed ‘£ Canoe Club Bev. Ducharme”; that in answer to the ninth question on the application for the 1936 registration, which is “Is this vehicle owned by you individually” the word “no” is inserted, and the word “Corporation” is checked with an x; that the answer to the tenth question is the same as it was in the application for the 1935 registration; that in answer to the eleventh question “Massachusetts Residential Address”, the words “12 Providence St., Aldenville, Chicopee, Mass.” appear; that the application was signed “Canoe Club Beverage Co. by Aurora Ducharme”; and that the mail address was “12 Providence St., Aldenville, Chicopee, Mass.” and the last name printed “Canoe Club Beverage”; that in both applications for the 1935 and 1936 registrations the sixth question is answered as follows:
*235 “6. From whom did you purchase the vehicle?
(a) . Name of previous owner — Dunbar Motor Co.
(b) . Address — Holyoke.
(c) . When 1931.”
that the same answer “Yes” was made to the seventh question in both applications, “Was vehicle registered by you last year?”
There was also evidence tending to show that Aurora Ducharme signed the application for the 1936 registration at the request of and as the employee of Alva LaFramboise; and that this application was filled out by an insurance agent.
The trial judge made the following Findings of Fact:
“The Court specially finds that at the time of the accident, July 4, 1936, Alva LaFramboise was the owner of the automobile operated by the plaintiff; that the automobile was registered in the name of ‘ Canoe Club Beverage Co.’; that Alma LaFramboise was the sole owner of the business conducted under the trade name of ‘Canoe Club Beverage Co.’; that she adopted the name' ‘Canoe Club Beverage Co.’ as a trade name in carrying on her business of manufacturing, bottling and distributing soda and other carbonated beverages on the premises where she also resided, at numbers 13-15 Providence Street, Aldenville, Chicopee, Massachusetts; that she, by her agent, had the automobile registered in her trade name under which she had been doing business individually on the same premises for approximately two and a half years before the accident; that Alma LaFramboise, of #15 Providence Street, Aldenville, Chicopee, Massachusetts, filed on June 29, 1934 in the City Clerk’s office in the City of Chicopee, Massachusetts, a Certificate of a Married Woman Doing Business on Separate Account in manufacturing, bottling and selling of Soda, Soda Water and Malt Beverages at Rear of Number 13-15 Providence Street, Aldenville, in the City of Chicopee, Massachusetts, under the name of ‘Canoe Club Beverage Company’; that there was no evidence that the name ‘Canoe Club Beverage Co.’ was adopted or was being *236 used to conceal the real identity of the owner of the automobile, Alma LaFramboise; that the owner, Alma LaFramboise, could readily be found in the community by inquiry at the City Clerk’s office in the City of Chicopee, Massachusetts; that, while the answers on the application are not strictly accurate, the variations from the literal terms of the statute as to ownership and address do not materially affect the main purpose of the registration, or interfere with an easy identification of the owner; and that the automobile operated by the plaintiff at the time of the accident was legally registered. ’ ’
Upon the foregoing evidence a finding might well have been expected that the plaintiff was the real owner of the automobile she was operating at the time she was injured and that Alma LaFramboise was only the colorable owner of the Canoe Club Beverage Co. However, we are not prepared to hold that, as matter of law, the trial judge could not disregard some of the evidence and inferences to be drawn therefrom and find that Mrs. LaFramboise was the owner of the automobile in question.
We deal with the registration and the application therefor as if Mrs. LaFramboise was the owner of the Canoe Club Beverage Co. and that the application for the registration of the automobile was made by the plaintiff as her agent and at her request. We assume that the application for registration might be so made. Mello vs. Bloomingdale, 281 Mass. 407. G. L. (Ter. Ed.) Ch. 90, §2, requires that both the application and the certificate of registration shall contain the name, place of residence and address of the applicant. This puts each of these three mandates on the same footing. Crean vs. Boston Elevated, Mass. A. S. (1935) 2233, 2234. Under the terms of the Statute they apply both to the application and to the certificate. Staley vs. Wilbur, 258 Mass. 481. Each of these documents is an essential part of the legislative plan for the registration of motor vehicles. The object of that plan is to insure at *237 all times easy identification of the vehicle and its owner. The application is the basis of the public record which remains open for inspection in the office of the Registrar. * * * The applicant is himself the source of that which is contained in the application and he has ample opportunity to see to it that the certificate is also complete and correct. Brodmerkle vs. Gorolsky, Mass. A. S. (1936) 529, 530. It has often been decided that the misstatement of the name of the owner in the application invalidates the registration. Rolli vs. Converse, 227 Mass. 162. Fine vs. Kahn, 270 Mass. 557. Furtado vs. Humphrey, 284 Mass. 570. In Ricker vs. Boston Elevated, Mass. A. S. (1935) 711 at 713, it is said, “The intent of the Statute is that the owner may be readily found by police officers, injured persons, and others interested, without uncertainty or need for search. The. facts as to name, residence and address required, aré simple, within the knowledge of the applicant, and ordinarily incapable of being mistaken or misstated without carelessness. ’ ’
In the application in the case at bar, the ninth question therein, to wit, “Is this vehicle owned by you individually? (Answer Yes or No)”, is answered “No”. In the second part of the ninth question, as follows, “Or is it owned Jointly or by a Co-partnership, Association or Corporation?”, the word “Corporation” is checked. In answer to the tenth question “If owned jointly or by a concern write the name and address” the following appears, “Canoe Club Beverage Co.”. The application is signed “Canoe Club Beverage Co. by Aurora Ducharme” (This was signed by the plaintiff whose name at that time was Ducharme). Both the mailing address and the residence address given in the application is 12 Providence Street, Aldenville, Chicopee, Massachusetts. It will be noted that nowhere in the application does the name LaFramboise, found to be the true owner by the court, appear. From the *238 answers above quoted, it would seem that the inescapable conclusion must be drawn that the Canoe Club Beverage Co. was a corporation and that the vehicle registered was not owned individually but by a corporation. Having in mind the purposes of the governing statute, it would seem that, the application could not possibly have given the public or a person injured, who sought information at the Registry of Motor Vehicles, any reasonably correct information as to the ownership of the automobile in question.
The importance of accurate answers to the ninth question, above described, is emphasized in Furtado vs. Humphrey, 284 Mass. 570, 573, where the court says the question “was designed to avoid ambiguous or confusing registration, and that one of its main purposes is to offer easy identification of the owner of a motor vehicle involved in an accident. * * * The statement of ownership required by G. L. (Ter. Ed.) Ch. 90, §2, is matter made vital by this Statute. Its provision must be strictly complied with, and the lack of compliance invalidates the registration.” It is true that an automobile may be registered under a trade name. Crompton vs. Williams, 216 Mass. 184. Brewer vs. Hayes, 285 Mass. 144. In order, however to have a valid registration under a trade name it is essential that the correct facts as to ownership of the vehicle must be set out in the application and that it appear from the application or be shown by evidence, that the owner of the vehicle is well known by the trade name under which the vehicle is sought to be registered. Furtado vs. Humphrey, 284 Mass. 570, 573. In Brewer vs. Hayes, the plaintiff’s own name as owner of the business conducted under the trade name was plainly shown upon the application for registration and, consequently, was a matter of public record. In Crompton vs. Williams the name of the owner appeared in the trade name and it was shown that he was well known in the community by this trade name. In the case at bar there was *239 nothing in the application to identify the owner of the vehicle LaFramboise with the so-called trade name “Canoe Clnb Beverage Co.”.
As has been said, the application indicated conclusively that the automobile in question was owned, not by an individual, but by a corporation. An inspection of the records of the Commissioner of Corporations would indicate that there was no such corporation then doing business at the address in question. A visit to the premises would show, according to the evidence, that on the outside of the building, where the Canoe Club Beverage Co. manufactured and bottled its beverages, there was a sign “E. Ducharme, Soda and Bottling Works”. There was nothing on the premises to indicate that any such organization as the Canoe Club Beverage Co. existed and inspection of the City Directory, as offered in evidence, would have shown a searcher for the ownership of this automobile that the Canoe Club Beverage Co. was operated by Miss Ora M. Ducharme, the plaintiff. From the evidence, the only possible place in which the ownership of the Canoe Club Beverage Co. was a matter of record was that found by the trial judge, to wit, the office of the City Clerk of the City of Chicopee in which had been recorded, approximately a year and a half before the registration in question was procured, a certificate of Married Woman Doing Business under Separate Account under the name of Canoe Club Beverage Co. by Alma LaFramboise. A person seeking the ownership of an automobile would scarcely conceive of searching the records of Married Women’s Certificates at a City Clerk’s office. One might much more readily seek the information in the records in the City Clerk’s office of individuals engaged in business under names other than their own, required by G. L. (Ter. Ed.) Ch. 110, §5. The purpose of this Statute is quite similar to that governing Married *240 Women’s Certificates and a failure to comply with, it was held inconsequential upon the question of correct registration of a motor vehicle in Crompton vs. Williams, 216 Mass. 184, 187. Compliance with this Statute, it would seem, therefore, could not aid the plaintiff in this case.
As has been repeatedly said, the place to acquire information in reference to the ownership of a registered motor vehicle is from the application for registration at the Registry of Motor Vehicles. The application in the present case, ráther than giving the true information, gave the misinformation that the vehicle was not owned by an individual but by a corporation. It is not sufficient that a person inquiring as to the ownership of a registered motor vehicle may be able to ascertain the same by mail or inquiry in the community. See Brodmerkle vs. Gorolsky, Mass. A. S. (1936) 529. Ricker vs. Boston Elevated, Mass. A. S. (1935) 711, S. C. 290 Mass. 111. DiCecca vs. Bucci, 278 Mass. 15. Fine vs. Kahn, 270 Mass. 557.
We are of the opinion that, as matter of law, the automobile in which the plaintiff was riding at the time of her injury was improperly registered and that the trial judge ' erred in refusing the defendant’s Requests for Rulings to this effect. A violation of the Statute as to registration is a bar to recovery by the plaintiff as she was the operator of the registered automobile. Ricker vs. Boston Elevated, Mass. A. S. (1935) 711, 713. G. L. (Ter. Ed.) Ch. 90 §9. As a correct disposition of the defendant’s seventh, eighth and ninth Requests for Rulings would preclude the plaintiff from recovery, it is ordered that judgment be entered for the defendant.