Pettingell, P. J.
The sole issue in this case is the legality of the registration of the plaintiff’s automobile.
It is stated in the report that the plaintiff is a corporation. The application for the registration of its motor vehicle is signed “Sisters of Notre Dame by Sister 'Cecelia”. The full name of the plaintiff is stated in the application as “Sisters of Notre Dame, Tyngsboro, Massachusetts”. In answer to the 9th question, “Is this vehicle owned by you individually? (answer Yes or No) ”, the answer is “Yes”. No answer is given to the second part of the 9th question which is “Or is it owned Jointly or by a Co-partnership Association or Corporation?”
It is apparent that the application does not correctly state the ownership of the vehicle. In some of the earlier cases it is held expressly that “The statement of ownership required by Gr. L. (Ter. Ed.) Chapter 90, Section 2 is *171 a matter made vital by the statute. Its provision must be strictly complied with and the lack of compliance invalidates the registration”. Furtado v. Humphrey, 284 Mass. 570, at 573, 574. Cream v. Boston Elevated Railway, 292 Mass. 226, at 227. Burns v. Winchell, 305 Mass. 276, at 280.
From the very beginning of the automobile law, exactness in the statement of the ownership of the motor vehicle has been required in registration. Ownership alone is not the sole test and a car registered in the name of a non-operating co-owner has been held illegally registered. Shufelt v. McCartin, 235 Mass. 122, at 125. An automobile belonging to a partnership registered in the name of one partner has been held to be illegally registered and a trespasser. Kilduff v. Boston Elevated Railway, 247 Mass. 453, at 455. See Rolli v. Converse, 227 Mass. 162, at 165. The registration of a car by a married woman in her maiden name has been held to be illegal. Bacon v. Boston Elevated Railway Co., 256 Mass. 30, at 32. And a motor vehicle belonging to a voluntary association was held to be registered illegally because registered in the name by which the association is known. Hanley v. American Railway Express Co., 244 Mass. 248, at 250.
The plaintiff in this case is not benefited by the amendments to Section 9 of G. L. Chapter 90 (Ter. Ed.). The first amendment, Statute 1903, Chapter 473, Section 3, applies to any mistake which “relates to the type of such vehicle or trailer or to the engine, serial or maker’s number thereof”; the second amendment, Statute 1934, Chapter 361 applies to any mistake of “residence of the applicant contained in said application”.
It is apparent that neither of these amendments applies to a mistake in the statement of ownership.
*172 Our attention has heen called particularly to the case of Furtado v. Humphrey, 284 Mass. 570, in which a registration under somewhat similar circumstances was found to be invalid. In that case it appears that the applicant stated in answer to the 9th question of the application that the automobile was owned by him personally. He did not answer the remaining questions in the second part of the 9th question. The court said, at page 573, “in the instant case there is nothing in the answers of the applicant inconsistent with the statement that the registered truck belonged to Bernard Popkin individually and his failure to answer the question whether it was owned by a co-partnership is conclusive evidence that the truck was not registered as co-partnership property * * *. In the case at bar Popkin, under the penalties of perjury declared that he was the owner of the registered truck, and at the trial testified without contradiction that the truck was owned by a co-partnership called United Produce Co.”
In that case there had been a verdict for the plaintiff and the court held, at page 574, that “plaintiffs, owners and operators of the registered truck are severally barred from recovery by provisions of Gr. L. (Ter. Ed.) Chapter 90, Section 9. In each case the motion of the defendant (for a verdict) should have been granted”. In our opinion the case of Furtado v. Humphrey, is decisive in this case Every element in that case is present in this case. We have there an automobile registered by one partner but owned by a co-parnership and a failure to answer the pertinent subsidiary parts of question 9. That failure the court held to be material. In the case at bar the applicant describes the automobile as owned by an individual and fails to answer the subsidiary parts of question 9. The failure to answer the part as to ownership by a corporation *173 is, according to Furtado v. Humphrey, to be treated as conclusive evidence that the automobile was not registered as corporation property. The report states flatly that the plaintiff is a corporation. Considering the fact that these provisions of the application “must be strictly complied with and a lack of compliance invalidates a registration”, we are forced to decide that the registration here is illegal.
Our attention has been called, also, to the case of Dunn v. Merrill, 309 Mass. 174, where there were somewhat similar circumstances and questions 9 and 10 of the application were under consideration. That case, however, differs from the instant case because there was an existing partnership with which the registration application was consistent and there was no material inconsistency in the answers given by the applicant. The applicant expressly stated that the motor vehicle was not owned by him individually and gave other data consistent with ownership by a partnership although the fact of the partnership was not expressly stated.
In the case at bar we face two inescapable facts, the statement of the applicant that the motor vehicle was owned individually and the failure to answer the question whether or not it was owned by a corporation. When these facts are brought against the further fact that the owner of the vehicle is a corporation we are forced to the conclusion that the registration is illegal.
The trial judge denied the second and third requests for rulings which should have been given. They are as follows:
“2. That the evidence does not warrant a finding for the plaintiff.
3. That at the time of the alleged accident, plaintiff’s motor vehicle was illegally registered.”
*174 The giving of either of these requests would have required a finding for the defendant. It was error to deny them.
The finding for the plaintiff is to be vacated. Judgment is to be entered for the defendant.