JUDITH ZUSSMAN *vs.* LOUIS GOLDBERG & another.

Suffolk. January 21, 1926. — January 25, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Implied. *Agency,* Existence of relation. *Practice, Civil,* Findings of fact by trial judge.

Where, in an action of contract against a husband and wife with a declaration in two counts, the first to recover the amount of a deposit paid under the provisions of a contract in writing and under seal, made in the name of the plaintiff and the defendant husband, signed by the plaintiff and by both of the defendants and providing for the sale of real estate by the defendant husband to the plaintiff, and the second for the amount of the deposit as money had and received by the defendants to the use of the plaintiff, there is a finding that the defendant husband was acting for the defendant wife in the sale of property belonging to her, and a general finding for the plaintiff against the defendant wife, and for the defendant husband, the findings must stand provided they can be supported on either count of the declaration.

There being evidence at the trial of the action above described that the defendant wife was the owner of the property to which the transaction in evidence related and had signed the agreement; that, when the day came for the passing of the papers, the plaintiff and the defendant wife met at the registry of deeds in the absence of the husband, and that the defendant wife then told the plaintiff that the papers could not be passed because of an attachment on the real estate, a finding, that the

defendant husband was acting as agent in making the agreement in behalf of the defendant wife as principal was warranted, so that a finding on the second count was warranted and the general finding should not be set aside.

CONTRACT OR TORT, against Louis Goldberg and Blume Goldberg, with a declaration in two counts, described in the opinion. Writ in the Municipal Court of the City of Boston dated August 8, 1924.

Material evidence at the trial in the Municipal Court and findings and rulings by the trial judge are described in the opinion. A report to the Appellate Division was ordered dismissed, and the defendant Blume Goldberg appealed.

*H. C. Dow,* for the defendants.

*B. F. Pollack,* for the plaintiff, was not called on.

RUGG, C.J. This is an action of contract to recover the sum of $500 paid by the plaintiff as a deposit under a sealed agreement signed by the plaintiff and both defendants; the agreement relating to a conveyance of real estate. Count one is on the sealed agreement. It is alleged in count two that the defendants owe the plaintiff $500 for money had and received by the defendants for the plaintiff's use. Findings of fact were made to the effect that ·the defendant Louis Goldberg was acting as agent for the defendant Blume Goldberg in the sale of property belonging to her. A general finding was made for the plaintiff against the defendant Blume Goldberg and in favor of the defendant Louis Goldberg. The defendants presented five requests for rulings. Four of these requests related to the first count and were refused because of the facts found; the other request was, that the finding should be for the defendant Blume Goldberg, which was refused without qualification. The findings, being general must stand provided they can be supported on either count of the declaration. *West* v. *Platt,* 127 Mass. 367, 371. *Commercial Wharf Corp.* v. *Boston,* 208 Mass. 482, 487. *Scofield* v. *Barowsky,* 249 Mass. 1, 11.

There was evidence to the effect that the agreement in writing, although made in the name of the plaintiff and Louis Goldberg, was signed by the defendant Blume Goldberg who was and is the wife of the other defendant; that

when the day came for the passing of the papers, the plaintiff and the defendant Blume Goldberg met at the registry of deeds in the absence of Louis Goldberg; and that Blume Goldberg, being in fact the owner and holder of the record title to the real estate in question, then told the plaintiff that the papers could not be passed because of an attachment on the real estate. From the relations of the two defendants and their conduct touching the transaction, and on the evidence in the case, the finding that Louis Goldberg was acting as agent and that Blume Goldberg was the principal was warranted. The finding can be sustained on the second count. The principle applied in *Blackmer* v. *Davis*, 128 Mass. 538, is not relevant.

*Order dismissing report affirmed.*