Rowe, J.
This is an action of tort to recover for personal injuries sustained by the plaintiff as a result of a collision between a bus of the defendant and a truck which the plaintiff was in the act of getting into and of which he was the operator. The plaintiff’s declaration is in two counts, the first being for ordinary negligence and the second for reckless and wanton conduct of the defendant. The defendants’ answer is a general denial and an allegation of contributory negligence. The trial judge made a genera? finding for the plaintiff.
The defendant claims to be aggrieved by the denial of its requests among which are the following:
“2. As a matter of law the White & Leahy truck was illegally registered.
“3. As a matter of law the plaintiff is not entitled to recover.”
*120 The plaintiff was the operator of a IV2 ton Ford truck, he then acting in the scope of his employment, the truck being owned by his employer, White & Leahy, Inc. There was evidence that he stopped his truck on the extreme right hand side of the road, shut off the ignition, pulled up the brake and got out into the street, that he saw the defendant’s bus about one mile away coming toward him, that he walked back about 15 yards to look at a road direction sign, that he again saw the bus still coming in his direction, that after he saw the sign he again observed the bus travelling toward him about % mile away, that he walked back the 15 yards to the truck, that he next saw the bus as he reached the cab of the truck and the bus was then about 300' feet away from him, that he put one foot in the truck and the other one on the running board when the defendant’s bus struck the truck directly in the rear, that the force of the collision turned the truck around, it coming to a stop' on the opposite side of the highway and facing in the opposite direction, that the accident took place on a clear day at 2 P. M. and that there was no other traffic, that it was one minute from the time the plaintiff got out of the truck and first observed the bus until the truck was struck by the bus. The plaintiff received personal injuries. There was no other evidence of the speed of the bus or of the conduct of its operator than above. •
(1) The controversy concerning the defendant’s second request claiming illegality of the registration of the truck which was being operated by the plaintiff revolves around the answers to the application for registration. The material portions of the application are as follows:
9. Is this vehicle owned by you individually? (Answer Yes or No) Yes. Or is it owned jointly or by a co-partnership Association or Corporation.....
*121 10. If owned jointly or by a concern write the name and address ........................
11. Massachusetts, residential address, (If non-residence, give legal address) 41-51 Allen Street, Somerville.
12. Municipality, City or Town where vehicle is principally G-araged Somerville, Mass.
The following is a copy of that portion of the automobile registration application as pertains to the signature:
I, the undersigned, the owner of the motor vehicle herein described, hereby apply for registration of said vehicle, and state that the statements herein are true to the best of my knowledge and belief.
THIS STATEMENT IS MADE UNDER THE PENALTIES OF PERJURY
Sign (do not print)
name in full White & Leahy, Inc.
Timothy White
Mail address 41-51 Allen St., (City, Town, or Post Office) Somerville
Print last name White & Leahy
The trial judge in a memorandum which she filed stated that it appeared that the plaintiff’s employer, White & Leahy, Inc., had been located for 20 years at the same address, that their business consisted of a shop, two yards, a siding track, that it covered three acres and that there was some one present on the premises every day in the week, that the corporation and its president, Timothy White, had the same address at 41-51 Elm St. Allen St. Somerville.
There was also evidence that anyone inquiring on the premises for either White & Leahy, Inc. or Timothy White would have no difficulty in locating either, and that the cer *122 tificate of registration for the truck was issued by the Registry of Motor Vehicles to White & Leahy, Inc. It was uncontroverted that the corporation was the owner of the truck.
If the truck was not legally registered it was a nuisance on the highway and its operator a trespasser. Pierce v. Hutchins, 241 Mass. 557, 563. We are of the opinion that the registration standing in the name of the owner, White & Leahy, Inc., based upon the above application with its answers, is an illegal registration because there is a misstatement in the answer to question 9, an omission to answer question 10 and two names being placed where the application says “sign name in full” as the owner, when in reality the vehicle was owned by only one.
The case is governed by what is said in Furtado v. Humphrey, 284 Mass. 570. It is suggested that the Furtado case is one involving a partnership and that the instant case, involving a corporation, is to be distinguished therefrom because of that fact. That, however, would be a refinement of distinction without logical reason for the purpose now under consideration.
The plaintiff says that clearly there was a mistake in the answer to question 9 and in failing to answer question 10 in the application for registration, but he claims that does not interfere with the purpose of the statute, or interfere or prevent the identification of the owner. But v/e are of the opinion that the errors in the application are vital and invalidate the registration. Crean v. Boston Elevated Railway, 292 Mass. 226, 227.
The plaintiff says that the defendant did not set up illegal registration of the truck, which was operated by the plaintiff, as a defence. It was not necessary to do so. *123 MacDonald v. Boston Elevated Railway, 262 Mass. 475, 477. MacInnis v. Morrissey, 298 Mass. 505, 509.
As the plaintiff was operating a motor vehicle which was not registered according to law, when he was injured, he had no rights against other travellers except to be protected from reckless and wanton injury. Fine v. Kahn, 270 Mass. 557.
There was prejudicial error in the denial of the defendant’s second request that the truck was illegally registered.
(2) The plaintiff further contends that even if the truck was illegally registered, with the resulting effect of the plaintiff being unable to recover on the first count, that since the finding for the plaintiff was a general finding, it might have been made on the count for reckless and wanton conduct, and that as the defendants’ third request did not comply with Rule 27 of the Rules of the District Courts requiring specifications on such a request, the defendant can not raise the question as to whether there was sufficient evidence to justify a finding on that count.
Strictly, the plaintiff is correct in that there is a legal possibility that the trial judge may have found for the plaintiff on the count for reckless and wanton conduct and that if there is evidence to support that count, the finding would not be disturbed because a finding for the plaintiff could not have been made on the other count, the finding being a general finding. Zussman v. Goldberg, 254 Mass. 486.
From a practical construction of the memorandum filed by the trial judge it would almost seem that she intended that the finding be on the count for ordinary negligence. In her memorandum there was nothing considered about reckless and wanton conduct. But she did deny on its merits the defendant’s request concerning the illegality of *124 registration and in the memorandum commented at length on that subject, concluding with the statement that “I believe that the only rational inference of which the evidence, including the application for registration, is susceptible, to be that the truck was owned by White & Leahy, Inc.” This would have been immaterial and to no purpose had she intended the finding to be upon the second count.
Under these circumstances, although the defendant cannot as matter of right ask for a review of his third request, because of lack of specifications (Rule 27 of Buies of District Courts), as a matter of discretion we consider the denial of the defendant’s third request as being before us. McKenna v. Andreassi, 292 Mass. 213, at 216.
We are of the opinion that there was not sufficient evidence to justify a finding for the plaintiff on the count for reckless and wanton conduct. The evidence in the report is very scanty. The plaintiff had instances of observation of the bus from a considerable distance, but direct evidence of the speed of the bus or conduct of its operator at or near the point of collision is lacking. The fact that in the collision the bus moved the Ford truck as testified to is not enough. The evidence, although it would warrant a finding of ordinary negligence, does not justify a finding that there existed reckless and wanton conduct, different in kind and not merely in degree from ordinary negligence.
(3) The defendant contends that the trial judge erred in excluding certain evidence bearing on the question of res judicata. That evidence was based on the fact that the plaintiff was admittedly the agent of White & Leahy, Inc., and that the corporation had brought a suit against the present defendant, which suit had been tried earlier, resulting in a finding for the defendant. The trial judge *125 excluded this evidence, both because res judicata was not specifically pleaded and also on its merits. The defendant was not harmed. Foye v. Patch, 132 Mass. 105, Browne v. Moran, 300 Mass. 107, 111. Pesce v. Brecher, 302 Mass. 211.
Although there was prejudicial error relative to the defendant’s request for ruling concerning the first count of the plaintiff’s declaration for ordinary negligence and although there was not sufficient evidence to warrant a finding for the plaintiff on the second count for reckless and wanton conduct, the defendant is not entitled to have a directed judgment in the case at bar. The defendant did not in its answer specifically allege the illegality of the registration of the truck as a defence, and for that reason it could not be held as matter of law to be conclusive against the right of the plaintiff to recover; but as the defendant did plead contributory negligence of the plaintiff, the plaintiff’s violation of law would be evidence of his negligence, for consideration as a fact, under the doctrine of the recent case of Conningford v. Cote, Mass. Ad. Sh. (1941) 551 at 554. There was no error in denying the defendant’s third request, but as there was error in denying the defendant’s second request the finding for the plaintiff should be vacated and new trial ordered. That new trial however, should be limited to the first count of the plaintiff’s declaration for ordinary negligence. Rule 34 of Rules of District Courts.
So Ordered.