**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,**

v.

**Joseph C. SCHWAB, et al., Defendants-Appellees.**

**Nos. 83–5980, 83–6232.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 1984.

Decided July 31, 1984.

James S. Wiederschall, Booth, Mitchell, Strange & Smith, Los Angeles, Cal., for plaintiff-appellant.

David M. Stern, Stern & Miller, Santa Monica, Cal., for defendants-appellees.

Before CHOY, NELSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Safeco Insurance Company brought a diversity action against Joseph, Ronald, and Patti Schwab requesting specific performance of what Safeco alleged to be a collateral security clause in an indemnity contract. The district court dismissed Safeco's complaint under Fed.R.Civ.P. 12(b)(6) because the court regarded the disputed clause as affording Safeco only a right to recover after suffering loss. We reverse and remand.

## BACKGROUND

The Royal Himmel Distilling Company wished to operate a distillery in the United States. It was required to provide the federal government with a bond for $1,250,000 to protect against any default in taxes. *See* 27 C.F.R. § 19.231 (1983). Safeco issued the bond for Royal Himmel. To protect itself from loss, Safeco executed an indemnity agreement with the Schwabs on January 4, 1982. The second paragraph of the agreement provided that the Schwabs will pay Safeco upon demand:

> An amount sufficient to discharge any claim made against Surety [Safeco] on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against any loss on any Bond.

On November 16, 1982, the United States demanded payment on Safeco's bond. Safeco then requested that the Schwabs provide Safeco with collateral security of $1,250,000, the amount of the bond. Safeco intended to hold the $1,250,000 as protection against future loss stemming from the government's claim; if the loss did not materialize, Safeco intended to return the funds to the Schwabs. When the Schwabs refused to post the collateral security, Safeco sued in district court for specific performance of paragraph 2 of the indemnity contract.

The district court did not regard paragraph 2 as providing for collateral security. Instead, it read paragraph 2 as providing for indemnity once a "claim" is made on the bond. The district court applied Cal. Civ.Code § 2778(2) (West 1974), which provides that unless a contrary intention appears, "[u]pon an indemnity against claims ... the person indemnified is not entitled to recover without payment thereof." Because Safeco had yet to pay the amount demanded, the district court held that Safeco's suit under paragraph 2 of the indemnity contract failed to state a claim upon which relief could be granted.

Safeco now appeals, arguing that the district court gave a "clearly wrong" interpretation to the indemnity contract.[1]

## ANALYSIS

A collateral security provision provides that once a surety such as Safeco receives a demand on its bond, the indemnitor must provide the surety with funds which the surety is to hold in reserve. If the claim on the bond must be paid, then the surety will pay the loss from the indemnitor's funds; otherwise, the surety must return the funds to the indemnitor. Sureties are ordinarily entitled to specific performance of collateral security clauses. "If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced." *Marine Midland Trust Co. v. Alleghany Corp.*, 28 F.Supp. 680, 683–84 (S.D.N.Y.1939); *accord Milwaukie Construction Co. v. Glens Falls Insurance Co.*, 367 F.2d 964 (9th Cir.1966). The California courts follow this rule. A California appellate court has authorized prejudgment attachments in suits for specific performance of collateral security provisions, *General Insurance Co. v. Howard Hampton Inc.*, 185 Cal.App.2d 426, 8 Cal.Rptr. 353 (1960). A California district court has specifically enforced a collateral security provision. *See General Insurance Co. v.*

*Singleton,* 40 Cal.App.3d 439, 442, 115 Cal. Rptr. 291, 292 (1974).

The district court here held that paragraph 2 provided for indemnity after Safeco incurs a loss, not for collateral security in anticipation of loss. Some factors support that interpretation. First, the provision lacks the clarity of the collateral security provisions in *Marine Midland, Milwaukie Construction,* and the California cases.[2] Second, the first sentence of paragraph 2 would indeed be interpreted by California courts, *if read in isolation,* as providing only for indemnity after loss. *See* Cal.Civ.Code § 2778(2) (West 1974). Finally, because the contract between Safeco and Schwab was Safeco's form agreement, California law provides that any uncertainty should be interpreted against Safeco. *See* Cal.Civ.Code § 1654 (West 1973 & Supp.1984).

Despite the above factors, the district court's interpretation of paragraph 2 is clearly wrong. To read the paragraph as providing Safeco only with a right to indemnity after payment, as the district court did, conflicts with the second sentence in the paragraph. That sentence states that Safeco may hold the sum received from Schwab "as collateral security against any loss on any Bond." If Safeco has only a right to indemnity after incurring loss, the second sentence's reference to collateral security would be meaningless. To make sense of both constituent sen-

---

**1.** We agree with Safeco that the "clearly wrong" standard is the usual standard for review of district court interpretations of state law. *Pac. Mut. Life Ins. Co. v. Am. Guar. Life Ins. Co.,* 722 F.2d 1498, 1500 (9th Cir.1984). This court recently granted rehearing en banc, however, to decide whether a "clearly wrong" or a de novo standard should govern in such cases. *See Churchill v. F/V Supersonic,* 721 F.2d 666 (9th Cir.1983) (granting rehearing en banc). We apply the "clearly wrong" standard in this case because it is the more restrictive; our decision would not change if a de novo standard were used.

In *Taylor-Edwards Warehouse & Transfer Co. v. Burlington N. Inc.,* 715 F.2d 1330, 1333 & n. 3. (9th Cir.1983), we stated that a district court's interpretation of a written contract should not be accorded the deference normally given to a district court's interpretation of state law, but instead should be reviewed de novo. *Taylor-Ed-*

*wards,* however, is distinguishable because state law provided no guidance on the contract question involved in that case. *See* 715 F.2d at 1333. Where state law pertains to the interpretation question at issue in an appeal, as it does here, *see* Cal.Civ.Code §§ 2772–2784.5 (West 1974 & Supp.1984), the "clearly wrong" standard remains appropriate.

**2.** In *Milwaukie Construction,* for instance, the contract provided:

[I]f the surety shall set up a reserve to cover any claim, suit or judgment under any such bonds, the indemnitors will, immediately upon demand, deposit with the surety a sum of money or acceptable security equal to such reserve, such sum to be held by the surety as collateral security on said bonds.

367 F.2d at 965.

tences, paragraph 2 must be read as a collateral security provision.

Interpreting paragraph 2 as a collateral security provision does not violate Cal.Civ. Code § 2778(2) (West 1974). Section 2778(2) provides that as a general matter indemnities against "claims" should be interpreted as allowing for indemnity only after payment of the claim. The section contains an exception, however, for instances where "a contrary intention appears." The second sentence in paragraph 2 would be nonsense if we interpreted "claim," as used in the paragraph, to mean "loss." Therefore, the sentence expresses a contrary intention sufficient to justify interpreting the paragraph as providing for collateral security after a demand by the bond beneficiary. In *Milwaukie Construction Co. v. Glens Falls Insurance Co.*, 367 F.2d 964 (9th Cir.1966), we interpreted a contract which used the word "claim" as authorizing collateral security after a demand.

As a fallback position, the Schwabs argue that we can interpret paragraph 2 as a collateral security provision, yet still affirm the district court, if we interpret the paragraph as providing for collateral security only after Safeco becomes legally liable to pay the government's demand. The Schwabs cite no authority for interpreting "claim" to mean "liability." Furthermore, the Schwab's interpretation gives paragraph 2 an unrealisticaly crabbed meaning; if liability is already fixed, it makes little sense to provide for holding the sum as collateral against "any loss" on the bond. Therefore, we reject their fallback argument.

Paragraph 2 of the indemnity contract should be read as providing for collateral security after a demand is made against the bond. Therefore, Safeco's request for specific performance stated a claim upon which relief could be granted. We reverse the district court's dismissal under Fed.R. Civ.P. 12(b)(6) and remand for further proceedings.