TICOR TITLE INSURANCE
CO., Plaintiff,

v.

MIDDLE STREET OFFICE TOWER A
ASSOCIATES, et al., Defendants.

Civ. No. 91–0088 P.

United States District Court,
D. Maine.

Aug. 1, 1991.

---

U. Charles Remmel, II, Kelly Remmel & Zimmerman, Portland, Me., for plaintiff.

Philip J. Moss, Moon, Moss & McGill, Portland, Me., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

This action arises from an alleged breach of contract. Plaintiff has moved for summary judgment on Count I of the complaint, which seeks specific performance of the contract. Plaintiff did not respond to the motion as required by Local Rule 19(b)(2) and (c). A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a non-moving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me. 1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321.

The undisputed material facts deemed consented to by Defendants are as follows. Defendants are limited partnerships which own the twin office building at 100 Middle Street in Portland, Maine. Defendants' mortgagee and long term lender, Teachers Insurance and Annuity Association, required Defendants to provide title insurance as part of the loan closing materials. Plaintiff is the title insurance company which issued the required policy for Defendants. To induce Plaintiff to issue the insurance, Defendants each executed "developer indemnity agreements," providing in pertinent part:

> Developer [Defendant] agrees to hold and save Ticor Title [Plaintiff] harmless from and against any and all damages caused or charges, including attorney's fees and expenses of every kind and nature which Ticor Title might sustain, incur under or by reason or in consequence of issuing any such policy of title insurance insuring against damage by reason of said mechanic's liens gaining priority over the interest of any insured of Ticor Title.

> .  .  .  .  .

> Notwithstanding any of the above, Ticor Title may at any time after a lien has been of record for a period of thirty days which lien purports to encumber any interest in said real property insured by Ticor Title, require developer upon ten (10) days written notice to record a statutory release of lien bond or surety bond or to otherwise release the real property from any such mechanic's lien.

In July 1989 a mechanic's lien action was commenced by Allied Construction Co. against the entire premises of Tower A and Tower B at 100 Middle Street. As amended, the complaint seeks to enforce a lien in the amount of $956,362. In December 1990, a written demand was made on the

general partner of both Defendants to post a bond or release the property as called for in the developer indemnity agreements. Defendants have not acted upon the demand.

The undisputed facts show that Defendants have breached the developer indemnity agreements. Although Maine has not decided the issue, the Ninth Circuit has made clear that specific performance is available as a remedy for breach of an indemnity agreement when it is in the nature of a collateral security agreement. *Safeco Insurance Co. v. Schwab*, 739 F.2d 431, 433 (9th Cir.1984); *Milwaukie Construction Co. v. Glens Falls Insurance Co.*, 367 F.2d 964, 966–667 (9th Cir.1966). The agreements here at issue are similar to those addressed by the courts in the Ninth Circuit. The agreements having been breached, and there being no remaining genuine issues of material fact, the Court finds that Plaintiff is entitled to specific performance of the indemnity agreement as a matter of law.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment on Count I of the complaint be, and it is hereby, GRANTED.

It is FURTHER ORDERED that within sixty days of the date of this order, Defendants shall record a statutory release of lien bond or surety bond or otherwise release the subject property, located at 100 Middle Street in Portland, from the mechanic's lien of Allied Construction Company.

Finally, it is ORDERED that Defendants shall pay the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action. Counsel should confer within ten days of the date of this order to agree upon reasonable attorney's fees. If they are unable to agree, the parties should file submissions on the issue of fees within twenty days of the date of this order, and the Court will resolve the matter.

SO ORDERED.