WILLIAM L. DUNN vs. MABEL MERRILL
(and two companion cases[1]).

Essex.    April 7, 1941. — May 27, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Motor Vehicle*, Registration. *Evidence*, Presumptions and burden of
proof, Of ownership. *Personal Property*, Ownership.

In an action for personal injuries and property damage sustained in a
collision of motor vehicles, the burden is on the defendant to prove
illegal registration of the motor vehicle of the plaintiff.

Evidence warranted a finding that an automobile properly was registered
in a name under which an existing partnership did business upon an
application signed in that name by one of the partners.

The mere fact that, after a member of a partnership, in applying for regis-
tration of a motor vehicle under a "company" name in which the part-
nership did business, had answered in the negative a question, whether
the vehicle was owned individually, he failed to answer a question,
whether it was owned jointly or by a partnership, association or cor-
poration, did not render the registration illegal where other answers
made it sufficiently plain that the vehicle was owned by a "concern"
which was the applicant.

Under G. L. (Ter. Ed.) c. 90, § 30, a statement in an application for regis-
tration of a motor vehicle that the applicant is the owner is evidence
of that fact.

THREE ACTIONS OF TORT. Writs in the District Court of
Southern Essex dated May 12, 1939, in the first action and
October 14, 1938, in the other actions.

On removal to the Superior Court, the actions were tried
before *Donahue*, J., who, after verdicts for the plaintiffs in
the sums of $480, $700, and $750, respectively, reported the
cases.

*J. W. Sullivan*, for the defendant.

*R. L. Sisk*, (*P. F. Shanahan* with him,) for the plaintiffs.

QUA, J. These actions all grow out of a collision between
an automobile operated by the minor plaintiff and alleged
to have been owned by other plaintiffs and an automobile

[1] The companion cases were brought against the same defendant by "Frank
F. Sonigan and William L. Dunn d. b. a. National Brokerage Co.," and by
Robert Dunn.

of the defendant. The only issue is whether in each case the judge should have directed a verdict for the defendant on the ground that the automobile operated by the minor plaintiff was not legally registered in the name of "the owner" under G. L. (Ter. Ed.) c. 90, § 2, as amended.

The burden of proof on this issue rested upon the defendant. *Conroy* v. *Mather,* 217 Mass. 91, 94. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 285. The ruling of the trial judge must therefore be upheld unless the evidence established as matter of law that the automobile was not registered in the name of the owner.

The application for registration was signed "National Brokerage Company By William L. Dunn." Below that, after the words "Print last name," appeared the name "Dunn," followed by an operator's license number. All answers were typewritten, except the signature, "National Brokerage Company By William L. Dunn," which was written in ink. The certificate of registration does not appear, but there is nothing to show that it was not issued in the name in which the application was made. The application, after the words, "Massachusetts residential address, or place of business, if concern," gave the address "National Brokerage Company 43 Commercial Wharf Boston, Mass." There was evidence tending to show that in March, 1938, when the application was made, there existed a partnership between the plaintiff William L. Dunn and the plaintiff Sonigan under a name variously stated in the evidence as "Dunn & Sonigan, D/B/A National Brokerage Company" and "National Brokerage Company, William L. Dunn and Frank F. Sonigan," which did business at 43 Commercial Wharf, Boston. A corporation bearing the somewhat different name "National Brokerage Co., Inc." had previously done business at the same place, but had ceased to do so at the end of 1936, when it had been succeeded by the partnership. The corporation, however, had not been dissolved, and its name still remained over the door. On December 30, 1936, Dunn and Sonigan had filed in the office of the city clerk of Boston, in accordance with G. L. (Ter. Ed.) c. 110,

§ 5, a certificate stating that they were carrying on a business at 43 Commercial Wharf under the name "National Brokerage Company." From this evidence the jury could properly find that the automobile was registered in the name of an existing partnership known as "National Brokerage Company."

There was nothing in the remaining evidence upon which the defendant relies that as matter of law compelled a different conclusion. We need not recite it in detail. Question 9 in the application read, "Is this vehicle owned by you individually? (Answer Yes or No)." This was answered "No." Question 10 read, "Or is it owned Jointly or by a Co-partnership Association or corporation If owned jointly or by a concern give the name and address." This was not answered, but the immediately following question 11, calling for "Massachusetts residential address, or place of business, if concern," was answered, "National Brokerage Company 43 Commercial Wharf Boston, Mass." We do not regard the failure to answer question 10 as fatal. The answers given made it sufficiently plain that the automobile was owned by a "concern" called "National Brokerage Company" and that this "concern" was the applicant for registration. It is not expressly stated that the "concern" was a copartnership, but so far as appears there was no corporation or "association" of the name given, and there was a partnership doing business under exactly that name (as the jury could find) at the exact address given. We think that was enough. Not every inaccuracy or omission, especially in respect to requirements not expressly set forth in the statute itself, will invalidate a registration. *Koley* v. *Williams*, 265 Mass. 601. *Nash* v. *Lang*, 268 Mass. 407, 409. *Emeneau* v. *Hillery*, 282 Mass. 280, 284. *Caverno* v. *Houghton*, 294 Mass. 110, 113. *Faria* v. *Veras*, 298 Mass. 117, 121. *Sanjean* v. *Hyman*, 302 Mass. 224. The case is distinguishable from *Furtado* v. *Humphrey*, 284 Mass. 570. In that case the answers in the application indicated that the vehicle belonged to an individual, whereas in fact it belonged to a partnership. The application in the present case contained no false information.

There was nothing requiring a ruling that the partnership National Brokerage Company was not the owner of the automobile registered in its name.  The statement in the application that National Brokerage Company was the owner was some evidence of that fact.  G. L. (Ter. Ed.) c. 90, § 30.  *Burns* v. *Winchell*, 305 Mass. 276, 280.  And there was other evidence to the effect that this automobile had been purchased in part by "trading in" another automobile for which a registration certificate had been issued in the name of the partnership, and in part by a check of the partnership, and that the automobile in question was used in the business of the partnership.  An automobile owned by a partnership must be registered in the name of the partnership or in a name by which the partnership is known.  *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453, 456.  See *Crompton* v. *Williams*, 216 Mass. 184; *Bridges* v. *Hart*, 302 Mass. 239.

The trial judge was warranted in submitting the cases to the jury, and in accordance with the terms of the report each case is to stand for action in the Superior Court on a pending motion for a new trial.

*So ordered.*