ARTHUR W. PERKINS *vs.* FRANK J. COLE, INC.

Suffolk.    October 3, 1945. — January 4, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Motor Vehicle*, Registration.

A finding that a motor vehicle owned by a corporation was illegally registered would not have been warranted by the facts that an application for the registration was signed in the correct name of the corporation "by" its secretary; that below the signature, after the printed words, "Print last name," was typewritten a proper name which was both the secretary's name and the principal part of the corporate name; that the answer to a question on the application, "Is this vehicle owned by you individually? (Answer Yes or No)," was "Yes"; that no answer was given to a question, "Or is it owned Jointly    or by a Co-partnership    Association    or Corporation," or to a question, "If owned jointly or by a concern give the name and address"; and that, in answer to a question, "Massachusetts residential address, or place of business if concern," an address was given which was not shown not to be the place of business of the corporation.

TORT. Writ in the Municipal Court of the City of Boston dated July 3, 1942.

On removal to the Superior Court, the case was tried before *Williams*, J. The jury returned a verdict for the defendant on the first count of the declaration, in which the plaintiff alleged negligence in the operation of the defendant's motor vehicle. The judge ordered a verdict for the defendant on the second count. The plaintiff alleged exceptions.

In this court the case was submitted on briefs.

*F. G. Lichtenstein & W. F. Brophy*, for the plaintiff.

*M. T. Prendergast & H. S. Avery*, for the defendant.

QUA, J. On November 12, 1941, the plaintiff was struck and injured on Shawmut Avenue in Boston by a motor vehicle owned by the defendant and operated by its agent or servant. The only question presented is whether the judge was in error in directing a verdict for the defendant on the second count of the plaintiff's declaration, in which the plaintiff alleged that the defendant's motor vehicle was "illegally registered and a nuisance on the highway."

The application for registration was signed "Frank J. Cole Inc by G. W. Cole Sec." This was the correct signature of the defendant in the name by which it is described in the writ in this action, wherein it is alleged to be "a corporation duly organized by law." Below the signature after the printed words "Print last name" appears in typewriting the name "Cole." The contention that the registration was illegal is based upon the answer given to question 9 and the failure to answer question 10 of the application. Question 9 was in two parts. The first part read, "Is this vehicle owned by you individually? (Answer Yes or No)." To this the answer was "Yes." The second part read, "Or is it owned Jointly    or by a Co-partnership    Association    or Corporation    ." This part was not answered. Question 10, which also was not answered, read, "If owned jointly or by a concern give the name and address." Question 11, which must also be considered in this connection, read so far as material, "Massachusetts resi-

dential address, or place of business, if concern." This was answered, "163 Vassar Street, Cambridge, Mass.". For aught that appears this was a correct statement of the place of business of the defendant corporation. Taken as a whole, the substance of these questions and answers was that the vehicle was owned "individually" by the defendant corporation Frank J. Cole, Inc., whose place of business was 163 Vassar Street, Cambridge. So construed, the application contained no false statement and fully served the purposes of identifying the true owner and of supplying the correct address where the owner could be found. We do not think that this application can be fairly construed as an application by "G. W. Cole" "individually." The form of the signature is precisely the proper form for the signature of a corporation by its officer and agent. The name of the corporation indicated its corporate character. It was not the kind of name under which an individual would be likely to do business. Cole described himself as "Sec." If he were signing in his own individual behalf, he would not be likely to add "Sec" to his name. We think no one would be deceived into believing that he was representing himself and not the corporation to be the owner of the vehicle. We are not shaken in this view by Cole's apparent failure to grasp the exact intent of the draftsman of the blank form as indicated by Cole's answer to question 9 and by his failure to answer question 10.

In *Dunn* v. *Merrill*, 309 Mass. 174, at page 176, we said, with citation of the cases, "Not every inaccuracy or omission, especially in respect to requirements not expressly set forth in the statute itself, will invalidate a registration." This statement is applicable here. We think the case at bar is to be classed with *Dunn* v. *Merrill* rather than with *Furtado* v. *Humphrey*, 284 Mass. 570, upon which the plaintiff principally relies, and that it is distinguishable from the latter case on the ground that in that case the form of the signature upon the application when it was filed, taken in connection with the preceding answers, showed that the application was made by the signer as an individual, whereas the form of signature in the case at bar, even when taken

in connection with the preceding answers, leaves it reasonably clear that the application was intended to be that of the corporation.

*Exceptions overruled.*