NEW ENGLAND MERCHANTS NATIONAL BANK *vs.* THOMAS E. KNEE-LAND, JR. & others. December 14, 1979. At oral argument, the parties waived various procedural issues which they had briefed. There remained as the only questions on appeal whether any of the affida-

vits filed on behalf of the parties raise a genuine dispute as to any material fact. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976). *Noyes* v. *Quincy Mut. Fire Ins. Co.,* 7 Mass. App. Ct. 723, 725-726 (1979). Smith & Zobel, Rules Practice § 56.8 (1977). 6 Moore's Federal Practice par. 56.15(1) (2d ed. 1976). As to the defendants Thomas E. Kneeland, Jr., Astra Realty Trust, Paul M. Murphy, and Vergillio J. D'Antonio, nothing in their affidavits contradicts the facts asserted in the plaintiff's complaint and supporting affidavit with anything which resembles the requisite specific facts. *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976). *First Natl. Bank* v. *Slade,* 379 Mass. 243, 248 (1979). *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co., ante* 178, 181 (1979).

The defendant Brenda J. Kneeland ("Kneeland"), against whom the plaintiff asserts liability as a guarantor of the obligations (including those which are indirect and contingent) of her husband, Thomas, approaches a traverse of the plaintiff's assertions in an affidavit in which she says that she "directed" to an officer of the plaintiff a notice of revocation of the guaranty in question. That affidavit, however, does not state whether the notice of revocation was oral or written and, if written, whether mailed or delivered in some other fashion. It fails to state what the instrument of revocation, if there was any, said or on what date it was directed to the plaintiff bank. Nor did the affidavit state that the notice of revocation, if written, had been received by the bank, a significant omission since the guaranty by its terms stayed in force until a written revocation as to future debts was *received.* See *Nightingale* v. *Board of Appeals of Methuen,* 7 Mass. App. Ct. 887 (1979). There was ample time between the date of filing the complaint (July 30, 1975) and the filing of her affidavit (March 10, 1977) for Kneeland to have employed discovery procedures to probe whether the plaintiff had received the notice of revocation. Finally, the affidavit, if it is to be construed as referring to a document, i.e. a notice of revocation, fails, without explanation, to append a sworn copy of it, as required under Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974).

*Judgments affirmed.*

*Christopher Dye* for the defendants.

*James C. Donnelly, Jr. (Mary Allen Wilkes* with him) for the plaintiff.