THE ROYAL BANK OF CANADA *vs*. HERBERT L. CONNOLLY & another. April 18, 1980. The plaintiff brought an action in the Superior Court to recover a sum due under two guaranties, executed by the defendants, which secured loans made by the plaintiff to a corporation owned in part by the defendants. A Superior Court judge entered summary judgment for the plaintiff pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), from which the defendants have appealed. There was no error.

The defendants attempted to defeat the plaintiff's motion by alleging that the execution of the guaranties had been procured by fraudulent representation on the part of the plaintiff; that the guaranties had terminated because of payment of the indebtedness or novation; and that the bank had acted in bad faith. It is well settled that a party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). On review of the relevant law we conclude that the defendants have not done so. See *Turner* v. *McCune*, 4 Mass. App. Ct. 864 (1976).

We agree with the judge that the defendants "have not gone beyond 'vague and general allegations of expected proof' as to [their] defense" of novation. See *Community Natl. Bank* v. *Dawes, supra* at 555-556, citing *Albre Marble & Tile Co.* v. *John Bowen Co.*, 338 Mass. 394, 397 (1959). Nor do the defendants' affidavits indicate with the requisite particularity that there was any bad faith on the part of the plaintiff, cf. *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 183 (1979), or that the essential elements of fraud were present. See *Commonwealth Bank & Trust Co.* v. *Plotkin*, 371 Mass. 218, 221-222 (1976); *Great Barrington Sav. Bank* v. *Gens*, 8 Mass. App. Ct. 942, 943 (1979). Compare *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 217-218 (1978). The defendants' cause is not aided by the Posner affidavit because we believe that the judge properly could have disregarded it as inadequate under rule 56(e). Compare *Shapiro Equipment Corp.* v. *Morris & Son Constr. Corp.*, 369 Mass. 968 (1976), with *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 (1976), and *Lacy* v. *Lumber Mut. Fire Ins. Co.*, 554 F.2d 1204, 1205 (1st Cir. 1977). In any event, we do not think that the Posner affidavit fairly read raises a genuine issue concerning material facts that would be admissible in evidence.

In short, the defendants' affidavits fall short of showing specific facts to contradict the assertions in the plaintiff's affidavits. *New England Merchants Natl. Bank* v. *Kneeland*, 8 Mass. App. Ct. 946 (1979).

*Judgment affirmed.*

*Robert H. Clewell* for the defendants.
*Henry T. Goldman* for the plaintiff.