HARTFORD ACCIDENT AND INDEMNITY COMPANY *vs.* MILLIS ROOFING AND SHEET METAL, INC. & another.  April 7, 1981.  The plaintiff Hartford Accident and Indemnity Company (the bonding company) paid $79,000 in settlement of a claim arising from the failure of a roof which Millis Roofing and Sheet Metal, Inc. (Millis), had installed.  The bonding company had executed, as a surety, a subcontractor's performance bond on the work in question.  Exercising rights under a general indemnity agreement, the bonding company brought an action for the amount of the settlement against Millis and its president, Martin Doliner, who was a co-indemnitor on the indemnity agreement.  A motion for summary judgment by the bonding company was allowed and judgment for $79,000, plus interest, was entered against Millis and Doliner, jointly and severally.  Under Article V of the indemnity agreement, Millis and Doliner agreed to indemnify the bonding company "against any and all liability . . . by reason of having executed any Bond . . . ."  Article VII of the agreement authorized the bonding company to "adjust, settle or compromise any claim, demand, suit or judgment upon any of the Bonds, unless the Indemnitors (1) shall request the Surety to litigate such claim or demand, or to defend such suit . . . and (2) shall deposit with the Surety,

at the time of such request, cash or collateral . . . to be used in paying any judgment rendered . . . ." Article VI provided that the liability of the indemnitors "shall extend to and include the amount of all payments . . . made by the Surety in good faith under the belief that (1) the Surety was or might be liable therefor . . . . The vouchers or other evidence of such payments sworn to by an officer of the Surety shall be prima facie evidence of the fact and extent of the liability of the Indemnitors to the Surety."

In view of the provisions of the indemnity agreement, the attempt by the defendants to attack the summary judgment on the ground that blame for the roof failure lay elsewhere is misdirected. To the extent that may be an issue of fact, it is not material as it was only necessary that the bonding company have acted in good faith when it settled the claim against Millis. See *General Ins. Co.* v. *Singleton*, 40 Cal. App. 3d 439, 444 (1974); *Ford* v. *Aetna Ins. Co.*, 394 S.W.2d 693, 698 (Tex. Civ. App. 1965). The broad language of the indemnity agreement reflects an intention to provide comprehensive reimbursement to the bonding company of money expended by it in connection with claims against Millis. *Peerless Cas. Co.* v. *Marinucci Bros.*, 336 Mass. 691, 695 (1958). As to the issue of its good faith, the bonding company filed affidavits, interrogatories answered by the general contractor on the job in question, technical reports received by it, and a deposition of Doliner. Nothing offered by the defendants contradicts the bonding company's materials to the effect that it had received evidence tending to prove that Millis' work on the roof had been deficient and that a substance used had (by Millis' own admission) not performed properly. Those materials included a sworn statement by the assistant secretary of the bonding company that it had paid in excess of $79,000 on the Millis bond. Under Article VI of the indemnity agreement this constituted prima facie evidence of the liability of the defendants. An affidavit filed by Doliner expressed his "belief" or "understanding" that the bonding company had not investigated the claim against Millis assiduously or defended it with energy and skill. Expressions of belief and understanding fall short of such specific facts "as would be admissible in evidence" and are stated of the affiant's personal knowledge. Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-554 (1976); *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 722-724 (1976); *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 182-183 (1979); *New England Merchants Natl. Bank* v. *Kneeland*, 8 Mass. App. Ct. 946 (1979); *Royal Bank of Canada* v. *Connolly*, 9 Mass. App. Ct. 905 (1980). Statements of belief carry no weight in an affidavit in support of summary judgment. *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 (1976). Want of good faith involves more than bad judgment, negligence or insufficient zeal. It carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through

motive of self-interest or ill will. *Spiegel* v. *Beacon Participations, Inc.*, 297 Mass. 398, 416-417 (1937). No facts stated by Doliner of his knowledge paint such a picture.

*Judgment affirmed.*

*Stephen R. Kravetz* for the defendants.
*Peter G. Hermes* (*Deborah S. Griffin* with him) for the plaintiff.

