ROBERT J. DICKSON *vs.* THE HERTZ CORPORATION.  March 4, 1983.  The sole question on appeal is who owned the automobile at the time it was stolen.  The plaintiff claims that the automobile, which he had been driving under a lease arrangement with the defendant (Hertz), and had agreed to purchase, remained the property of Hertz until such time as he registered the automobile in his own name.  Hertz claims that the sale and transfer of ownership took place, at the latest, when Hertz completed the documents of title and mailed them to the plaintiff, Dickson.  Dickson disclaimed ownership of the automobile when it was recovered after the theft, and brought this action for recovery of the purchase price and bank charges.  The plaintiff now appeals from a summary judgment entered on the defendant's motion.  There is no error.

1. This case was rightly decided for the reason, if no other, that ownership passed to the plaintiff when he received the documents of title by mail on December 22, 1979.  Title passes when the documents of title are delivered.  See *Fireman's Fund Ins. Co.* v. *Blais,* 14 Mass. App. Ct. 254, 259 (1982).  The plaintiff thus became the owner of the vehicle when he received the appropriate documents.  *Id.* at 260-261.  See G.L. c. 90D, § 15(*a*).

Moreover, even if there might have been a genuine dispute as to certain facts, the plaintiff has not adequately set forth specific facts to establish a triable issue pursuant to Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974).  See *Royal Bank of Canada* v. *Connolly,* 9 Mass. App. Ct. 905 (1980), and cases cited.

Deciding as we do, we do not need to discuss the application of G.L. c. 175, § 113A, to the instant circumstances.

2. The plaintiff's argument concerning certain omissions on the "assignment of title" form is unavailing.  The omissions challenged here were immaterial to the passage of title.  Compare *Perkins* v. *Frank J. Cole, Inc.,* 319 Mass. 10, 12 (1946) ("Not every . . . omission, especially in respect to requirements not expressly set forth in the statute itself, will invalidate a registration").

3. The plaintiff's remaining arguments are similarly without merit.

*Judgment affirmed.*

*Thornton E. Lallier* for the plaintiff.
*Elliot S. Silverstein (Allan Eizman* with him) for the defendant.