Turcotte, PJ.
The defendants’ motion for summary judgment was allowed and judgment entered for each defendant The trial judge set out her reasoning as follows: “Opposing defendants agree that a Peter Wood is not an employee or agent of the defendant There being no material fact in dispute... judgment for defendant...” The plaintiff claims error was made by the trial judge in that the affidavits do not support the conclusion that no material fact is in dispute.
A careful reading of the defendants’ affidavits and the counteraffidavit of the plaintiff reveals the contention on the plaintiffs part that one Peter Wood was “an employee/ and an agent of the defendants.” The issue of Mr. Wood’s status as an agent or employee of either defendant could be a material fact in dispute. However, the bald statementwritten in the style ofa pleading falls short ofthe requirement that affidavits set out facts.
The affidavits of the defendants set out facts indicating that Mr. Wood was acting as an employee of another, not a party to these proceedings. The affidavit of the plaintiff foiled to counter these facts. It is well settled that a party opposing summary judgment “must set forth specific facts showing that there is a genuine issue for trial.” Dist./Mun. Cts. R. Civ. P., Rule 56(e), 365 Mass. 825 (1974); Community National Bank v. Davis, 369 Mass 550, 554 (1976); The Royal Bank of Canada v. Herbert L. Connolly & another, 9 Mass. App. Ct. 905 (1980).
There being no error, the report is dismissed.