AMERICAN EMPLOYERS' INSURANCE COMPANY *vs.* PRISCILLA M. HORTON, executrix.[1] No. 92-P-706. November 5, 1993. *Practice, Civil*, Summary judgment. *Bond*, Construction contract bond. *Indemnity. Damages*, Attorney's fees.

American Employers' Insurance Company (American Employers), a corporation engaged in the business of issuing surety bonds, brought an action against Howard M. Horton, doing business as H. M. Horton Company (Horton), a painting subcontractor, seeking reimbursement for attorneys' fees and expenses incurred in defending itself as a result of a counterclaim filed in a prior action brought by Horton against Westcott Construction Company (Westcott). Westcott was the general contractor on an elderly housing project (project) in Falmouth and employed Horton as a subcontractor on the project. American Employers, in connection with the project, received from Horton an application for a surety bond. Subsequently it issued a payment and performance bond (bond), naming Westcott as obligee, Horton as principal, and American Employers as surety. The bond covered Horton in connection with the project up to the amount of $74,478.

The following provisions were included, among others, in the application:

> "2. [Horton] will perform all the conditions of such bonds, and indemnify the Company against any and all demands, claims, liability, loss, costs, damages, *fees of attorneys* and other expenses which the Company may sustain or incur in consequence of the execution of such bonds or any renewal or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits or judgments under any such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in attempting to recover losses or expenses paid or incurred, as aforesaid.

> . . .

---

[1] A motion to substitute the executrix of the original defendant's estate was allowed in this court on August 25, 1993. For convenience, we use the name of the original defendant in the decision.

"6. [Horton] agree[s] . . . that the Company shall have the exclusive right to decide and determine whether any demand, claim, liability, suit or judgment made or brought against the company or any of us on any such bond shall or shall not be settled, compromised, resisted, defended, tried or appealed, and the Company's decision thereon, *if made in good faith, shall be final and binding upon us. An itemized statement of payments made by the Company for any of the purposes specified herein, or the voucher or vouchers for such payments, shall be prima facie evidence of our liability to reimburse the Company for such payments, with interest.*" (Emphasis supplied.)

The subcontract also included the following provision.

"11. It is also agreed that any damage, loss, cost or expense, including counsel fees suffered or incurred by the Contractor as a result of the failure of the subcontractor to perform any of his obligations under his subcontract shall be chargeable to and paid by the Subcontractor."

Westcott terminated Horton from the project on the grounds of poor performance and submitted a claim to American Employers on the bond. Horton then commenced an action against Westcott to recover the value of its work on the project. It did not consult with American Employers before bringing the action. Westcott in its answer joined American Employers as a party and filed a counterclaim against Horton and American Employers in the sum of $175,800.28 and attorneys' fees, alleging breach of the subcontract by Horton. American Employers was sued in its capacity as surety on the bond. American Employers hired its own lawyer to defend its interests and, as a result, incurred costs and expenses in regard to the litigation. Subsequently, the action brought by Horton against Westcott and Westcott's counterclaim were settled. Horton received $20,000 from Westcott. A stipulation dismissing the complaint and Westcott's counterclaim against Horton and American Employers was filed in court.

Pursuant to the provisions contained in the bond, American Employers ordered Horton to reimburse it for the attorneys' fees and expenses it had incurred in defending itself against Westcott's counterclaim. Horton refused and American Employers brought a complaint against Horton seeking the reimbursement of its attorneys' fees and expenses. Horton denied American Employers' allegations and also claimed that American Employers had unreasonably, and not in good faith incurred the attorneys' fees and expenses.

American Employers brought a motion for summary judgment, claiming that there were no issues of material fact that required a trial. In its response, Horton contended that summary judgment should not be granted

because an issue of material fact existed as to whether American Employers had incurred the fees and expenses in good faith. In particular, Horton claimed that American Employers did not conduct an adequate investigation of Westcott's allegations of Horton's improper workmanship that led to Westcott's claim on the bond. According to Horton, if a proper investigation had been conducted, American Employers would have realized that Westcott's counterclaim was frivolous and, therefore, American Employers would not have incurred the fees and expenses.

To meet its burden of showing that there was no genuine issue of material fact as to its good faith and that it was entitled, as matter of law, to a judgment, (see *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 [1976]), American Employers submitted various affidavits and other supporting materials. They included affidavits from (1) the claim supervisor in charge of Westcott's claim on the bond, (2) the claims adjuster in charge of the investigation of Westcott's claim, (3) American Employers' trial attorney hired to represent American Employers on Westcott's counterclaim, and (4) Horton's trial counsel.[2] American Employers also submitted a series of letters from Westcott to Horton complaining about Horton's performance as a painting subcontractor. In turn, Horton submitted affidavits of its attorneys and also an affidavit of its owner. After reviewing the materials, a Superior Court judge granted American Employers' motion for summary judgment. On appeal, Horton claims that the judge committed error (1) in granting American Employers' motion, and (2) in failing to hold a hearing on the assessment of damages. We agree with the motion judge.

Nothing produced by Horton contradicts American Employers' materials showing that it had incurred attorneys' fees and expenses in good faith. The affidavits of Horton's attorneys merely relate their opinions that the hiring by American Employers of its own attorney was unnecessary and, therefore, not in good faith. In his affidavit, Horton's owner expresses his "belief" that American Employers had not investigated the claim properly. "Expressions of belief . . . fall short of such specific facts 'as would be admissible in evidence' and are stated of the affiant's personal knowledge."

---

[2]Horton's trial counsel in his affidavit stated, among other things, that, although he and American Employers' lawyer worked together on the Westcott litigation, "we did not duplicate effort."

Horton also submitted an affidavit from the same lawyer. In that affidavit, he stated that his previous affidavit was meant "to apply only to the reasonableness of [American Employers' lawyer's] fees in terms of the work he performed." The later affidavit states that Horton's trial lawyer "believe[s] it was not necessary or reasonable under the circumstances for American Employers to hire separate counsel."

The fact that Horton's trial counsel submitted two affidavits that might contradict each other does not create an issue of material fact that requires a trial. See *O'Brien* v. *Analog Devices, Inc.*, 34 Mass. App. Ct. 905, 906 (1993) (". . . a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath . . .").

*Hartford Acc. & Indemn. Co.* v. *Millis Roofing & Sheet Metal, Inc.*, 11 Mass. App. Ct. 998, 999 (1981), quoting from Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). "Want of good faith involves more than bad judgment, negligence or insufficient zeal. It carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through motive of self-interest or ill will." *Hartford Acc. & Indemn. Co.* v. *Millis Roofing & Sheet Metal, Inc.*, *supra* at 999-1000. The affidavits submitted by Horton fall far short of showing a genuine issue of material fact as to American Employers' decision to hire its own lawyer or showing that its incurring of attorneys' fees and expenses was not in good faith.

Horton also claims that the motion judge committed error in ordering judgment to enter without a hearing or assessment of damages. Horton never contested the reasonableness of the amount of attorneys' fees and expenses. In fact, Horton's trial counsel in two affidavits confirmed the reasonableness of the fees and expenses (see note 2, *supra*). American Employers waived any fees and expenses incurred in the prosecution of its complaint against Horton.[3]

We have considered all of Horton's claims and find them to be without merit.

*Judgment affirmed.*

*Richard J. White* for the defendant.
*Miles E. Hoisington* (*Daniel H. Kelleher* with him) for the plaintiff.

---

[3]American Employers did reserve the right, however, to recover all additional attorneys' fees incurred in any postjudgment and appellate proceedings, including these proceedings.