Lenk, J.
Plaintiff, Transamerica Premier Insurance (“TPI”) brought this action to enforce a written indemnify agreement against the successor corporation of a bonded principal, and three individual indemnitors. On January 25, 1994, this case came before the court on plaintiffs motions for summary judgment against defendants- Lynne Fraser and Alfred T. Fraser.[2] In support of its motion, plaintiff asserts that no genuine issues of material fact remain for trial because the individual defendants have admitted that they signed the indemnify agreements, TPI incurred losses in connection with four bonded projects, and defendants have refused to indemnify TPI.
In response to plaintiffs motion, defendant Alfred Fraser argues that plaintiff is not entitled to judgment as a matter of law because TPI, through its alleged agent defendant Lynne Fraser (Alfred Fraser’s wife), fraudulently induced him to sign the indemnity agreement.
Defendant Lynne Fraser argues in response to plaintiffs motion that she only indemnified plaintiff to the extent of the face value of the bonds. Furthermore, she contends that TPI did not act in good faith in settling the claims against Electro and that her liability is limited to the amount plaintiff paid in good faith.
For reasons set forth below, TPI’s motion is allowed as to both Alfred Fraser and Lynne Fraser.
BACKGROUND
The pleadings of the parties, affidavits, depositions, and Alfred Fraser’s revised response to plaintiffs requests for admissions reveal the following undisputed facts. Electro Contracting and its successor corporation, Electro Maintenance and Service Corporation (“Electro Maintenance”), were involved in performing electrical renovations for several construction projects. In relation to these projects, Electro Contracting requested that TPI issue surety bonds. On January 5, 1989, and again on a later date, Electro Contracting and Service Corporation (“Electro Contracting”) executed two identical general indemnify agreements in order to induce TPI to execute surety bonds on behalf of Electro Contracting. Lynne Fraser, the president of the corporation, Timothy Bauer, her brother and vice-president, and Alfred Fraser, Lynne Fraser’s husband, signed the agreements as individual indemnitors. The indemni-tors promised to reimburse TPI for “loss, costs, damages or expenses ofwhatevernatureorkind, including fees ofattorneys and all other expenses, includingbut not limited to cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and in attempting to recover losses or expenses from the Undersigned or third parties...” General Indemnify Agreement, at para. 2. The agreement also provided that “[i]n any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability... of the Undersigned.”
On April 27, 1990, Electro Contracting filed bankruptcy, leaving four bonded projects incomplete and numerous suppliers unpaid. Pursuant to the bonds, TPI completed two of the remaining jobs and settled the accounts of various claimants for labor and materials. TPI’s unreimbursed damages as a result of Elec-tro Contracting’s default on the bonded projects amounted to $504,263. TPI then sought recovery from the three individuals who had signed the general indemnity agreement. The indemnitors have not reimbursed TPI.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourovacilis, 410 Mass. at 711.
As a general rule, indemnity provisions are interpreted “like any ordinary contract, with attention to language, background, and purpose.” Speers v. H.P. Hood, Inc., 22 Mass.App.Ct. 598, 600, rev. denied, 398 Mass. 1105 (1986). Absent fraud, a court will enforce a written agreement against a signator, whether or not the individual has read the document. Tiffany v. Sturbridge Camping Club, Inc., 32 Mass.App.Ct. 173, 175 n.5 (1992). “One who knowingly signs a writing that is obviously a legal document without bothering *641 to ascertain the contents of the writing is ordinarily bound by its terms, in the same manner as if he had been fully aware of those terms, unless it can be shown that he was induced to sign it by fraud or undue influence." Markell v. Sidney B. Pfeifer Foundation, Inc., 9 Mass.App.Ct. 412, 440 (1980).
An indemnification agreement will not be enforced, however, against an individual whose signature was obtained by fraud. In order to show fraud in the inducement, defendant Alfred Fraser must show that TPI knowingly made false representations of material fact in order to induce him to sign the agreements, and that Alfred Fraser reasonably relied upon the representations to his detriment. Bolen v. Paragon Plastics, Inc., 754 F.Supp. 221, 226 (D.Mass. 1990); see Barret Assoc., Inc. v. Aronson, 346 Mass. 150, 152 (1963).
Alfred Fraser asserts that TPI made such misrepresentations through an agent. An agency relationship “results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control." Kirkpatrick v. Boston Mut. Life Ins. Co., 393 Mass. 640, 645 (1985). A putative agent’s words or conduct are not competent evidence of authority to bind a principal; rather, there must be evidence of a principal’s consent. Rubel v. Hayden, Hardin & Buchanan, Ins., 15 Mass.App.Ct. 252, 255 (1983).
In the present case, Alfred Fraser asserts that on January 5,1989 he visited his wife and brother-in-law at Electro Contracting’s office. Timothy Bauer’s girlfriend and two other unidentified individuals were there as well. Alfred Fraser alleges that Lynne Fraser and Timothy Bauer showed him one page of a document which they had already signed, and told him that he had to sign because Electro Contracting was obtaining a bond. Fraser contends that he said he had “nothing to do with the company," but was told that he had to sign as Lynne Fraser’s husband to allow the bonding company to reach any property his wife might try to put in his name. Alfred Fraser maintains that he signed the one-page document, and on a later date, signed a four-page document, as a result of these statements. He also states that he did not read the pages attached to the signature page of the second document, although no one prevented him from doing so.
Alfred Fraser has not raised a genuine issue for trial with regard to his claim that he was fraudulently induced by TPI or an agent of TPI to sign the indemnify agreements. Alfred Fraser has submitted no evidence that Lynne Fraser or Timothy Bauer acted as agents of TPI, with TPI’s consent. Absent evidence to the contrary, this court will not presume that a surety bond provider consented that an individual with whom it was contracting act as its agent. Alfred Fraser has also not shown that the two unidentified individuals at his wife’s office were employed by or agents of TPI, or that they played any part in his signing the agreements. Furthermore, he has not shown that Lynne Fraser’s statements misrepresented or concealed the true nature of the documents, which he was not prevented from reading. Given that Alfred Fraser has presented no evidence that he had any contact with an agent of TPI who falsely misrepresented the facts upon which Alfred Fraser relied to his detriment, plaintiff is entitled to summary judgment. See Bolen, 754 F.Supp. at 226.
Although Lynne Fraser does not appear to contest liability under the indemnification agreement, she disputes the amount of damages owed to TPI under the agreement. Lynne Fraser asserts that she only indemnified plaintiff to the extent of the face value of each bond, and that genuine issues of material fact exist with regard to how the parties intended the indemnification agreement to be interpreted. Lynne Fraser also maintains that a factual issue exists regarding whether TPI settled the claims against Electro Contracting in good faith, and whether the amount of losses for which it seeks indemnification is unreasonable.
Lynne Fraser contends that the face value of one of the bonds was $259,000, although plaintiff paid $382,383 in claims related to that project. The face value of another bond for a different project was $77,898, yet plaintiff settled the claims on that project for $102,780. Lynne Fraser claims that she only indemnified the plaintiff to the extent of the face value of each bond. The language of the indemnity agreement clearly places no such limitation on the amount of plaintiffs recovery, however. It plainly states that the indemnitors will reimburse TPI for “loss, costs, damages or expenses of whatever nature or kind." Further, one provision of that agreement gives to sworn, itemized statements of TPI’s losses a prima facie effect as to the extent of the indemnitor’s liability. See also, Affidavit of Ronna Endicott ¶12. Given that Lynne Fraser has not alleged fraud in connection with her execution of the agreement, and notwithstanding her failure to read the agreement, this court will uphold the agreement as written, which permits TPI to recover more than the face value of the bonds. See Tiffany, 32 Mass.App.Ct. at 175 n. 5: Markell, 9 Mass.App.Ct. at 440.
Lynne Fraser has also failed to raise a genuine issue of material fact regarding TPI’s conduct in settling the claims against Electro Contracting. In order to raise an issue of bad faith by a surety in settling an obligee’s claims against a principal, the principal must show “more than bad judgment, negligence or insufficient zeal.” Hartford Acc. & Indem. Co. v. Millis Roofing & Sheet Metal, Inc., 11 Mass.App.Ct. 998, 999 (1981). “Want of good faith . . . carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through motive of self-interest or ill will.” Id. at 999-1000; see American Employer’s Ins. *642 Co. v. Horton, 35 Mass.App.Ct. 921, 921 (1993). In Hartford, the court relied upon the broad language of the indemnity agreement which purported “to provide comprehensive reimbursement to the bonding company of money expended by it in connection with claims” against the principal. As in the present case, the agreement in Harford stated that proof of payment to the obligee was prima facie evidence of the indemnitor’s liability to the surety. Hartford, 11 Mass.App.Ct. at 999. The court in Hartford held that the defendants’ belief that the bond company had not used good faith in investigating and defending the claims against the principal was insufficient to raise a genuine issue of bad faith. Id.
Lynne Fraser also falls to raise a genuine issue of bad faith on the part of TPI. The fact that TPI settled the claims for more than Lynne Fraser believes it would have cost Electro Contracting to complete the construction projects might indicate that TPI exercised bad judgment, or even that it was negligent. However, mere negligence or bad judgment is not enough to raise an issue of bad faith. See id. Lynne Fraser has not demonstrated that proof of bad faith, conscious wrongdoing, or dishonest motive is likely to be forthcoming at trial. Plaintiff is therefore entitled to judgment as a matter of law as to the amount of damages owed. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
ORDER
For reasons stated above, it is hereby ORDERED that plaintiffs motion for summary judgment against Alfred T. Fraser is ALLOWED. Plaintiffs motion for summary judgment against Lynne Fraser is also ALLOWED.

 On February 1, 1993 default judgments entered against defendants Timothy Bauer and Electro Maintenance and Service Corporation.